THOMAS J. MACKIN

*v.*

THE CIVIL SERVICE COMMISSION OF WEST VIRGINIA
*and* J. DONALD CLARK, *Commissioner, etc.*

(No. 13055)

Submitted May 11, 1971.          Decided June 15, 1971.

*William C. Hollandsworth,* for appellant.

*George H. Mitchell,* Assistant Attorney General, for appellees.

CAPLAN, PRESIDENT:

This is an appeal by Thomas J. Mackin from an order of the Civil Service Commission of West Virginia, entered on the 5th day of October, 1971, wherein the Commission sustained the action of the Department of Public Institutions in discharging Mr. Mackin, the appellant, from his employment with said department. Until June 17, 1970 the appellant was employed by the Department of Public

Institutions as a guard at the West Virginia Penitentiary, his employment classification being Correctional Officer I.

After the appeal was granted the appellant asked leave to move to reverse and such leave was allowed. The case is now before us on a motion to reverse the order of the Civil Service Commission.

The appellant was a guard in that section of the penitentiary known as the South Hall. That section includes a high security area referred to as the "lower end" which housed troublesome prisoners, some of whom were mentally retarded. On June 15, 1970, while working the 6:30 A.M. to 2:30 P.M. shift, the appellant, pursuant to his duties, was serving breakfast to the inmates of the cells located in the "lower end". He came to a cell occupied by Jerry Kazee and noticed that the bars at the top of the cell door were covered by a blanket. The bottom half of the door is solid steel. He called to Kazee and, upon receiving no answer, proceeded down the corridor to serve the other inmates breakfast. He could not see into Kazee's cell but testified that he knew that that inmate had experienced difficulty sleeping and that he therefore decided to allow him to sleep. The same thing occurred at 10:15 A.M. when the appellant was serving the inmates lunch and again the appellant decided not to bother the cloistered inmate.

When, at approximately 12:15 P.M. the blanket was still draped on the bars of Kazee's cell, the appellant, together with another guard, decided they would investigate. Upon opening the door they found Kazee hanging by his neck at the rear of the cell. This he accomplished by using his shirt as a rope which he attached to a wall bracket which formerly supported a shelf on the cell wall.

The Marshall County Coroner, who was also the prison physician, examined Kazee's body before it was moved and stated that in his opinion he had been dead from ten to twelve hours. On June 17, 1970, the appellant was discharged from his employment. He filed a timely appeal

with the Civil Service Commission and, after a full hearing, the Commission sustained the action of his employer.

On this appeal the appellant contends, among other grounds for reversal, that the notice of dismissal did not give "specific reasons" for said dismissal as required by the rules and regulations of the Civil Service Commission, promulgated under the authority of Code, 1931, 29-6-8, as amended. Although the notice of dismissal was not included in the incomplete record filed here, we will nonetheless consider the appellant's contention. He alleged in his petition for appeal and it was expressly admitted during the hearing before the Civil Service Commission that the reasons for his discharge by his employer were "negligence in duty, inefficiency in duty, and dereliction of duty." Without any further specification of the reasons this appellant was discharged immediately.

In a colloquy between members of the Civil Service Commission and counsel for the parties during the hearing, it was established that the June 17, 1970 notice of dismissal was amended on July 22, 1970 so as to change the reason for dismissal to "gross misconduct". That this was the whole and complete reason given for the appellant's discharge is evidenced by the following agreed statement which is a part of the record: "And that [gross misconduct] is a full statement of these charges."

As formerly noted by this Court, the basic purpose of the civil service law is to afford to covered employees security of tenure. *Guine* v. *Civil Service Commission,* 149 W.Va. 461, 141 S.E.2d 364. Such purpose cannot be attained if civil service employees can be discharged from their employment without being given specific reasons for such discharge. To hold otherwise would afford an employer a means of dismissing an employee in complete disregard of the rules and regulations and the law. Article XI, Section 2 of the Rules and Regulations of the Civil Service Commission, promulgated under the authority of Code, 1931, 29-6-8, as amended, requires that specific reasons for dismissal be given in writing to any employee in the covered service who is dismissed.

In the instant case the appellant was discharged from covered employment, the only reasons given for such action being "negligence in duty, inefficiency in duty, and dereliction of duty." An amendment thereof, made some thirty-five days later gave as a reason for the termination of such employment, "gross misconduct". It is apparent from the record that this reason was substituted in an attempt to justify the immediate discharge of this employee. In neither case did the employer specify or in any manner explain on what occurrences these generic reasons were based. How can an employee answer such charges upon appeal to the commission when in fact the charges constitute conclusions rather than reasons for dismissal? It does not suffice to say that the reasons for discharge in the instant case are obvious. The record is replete with testimony which reveals that this employee carried out his duties in the same manner as had been customary in relation to the inmates in the "lower end" of South Hall. How did he know why he was discharged when he was told that he was negligent in his duties or later that he was guilty of gross misconduct?

It is incumbent upon the employing authority under the aforesaid regulations to inform the employee of the specific reason that his employment is being terminated. This may not be done by merely telling him that he has done a bad job. He must tell him in what specific manner he has performed unsatisfactorily. Only if he knows the specific charge against him can the employee adequately appeal and defend his position.

If the employee in the instant case performed his duties in such a manner that his discharge was warranted, the employer should and does have the right to fire him. However, this must be accomplished as prescribed and required by the civil service laws and the rules and regulations formulated pursuant thereto. Here the employing authority failed to so comply. He stated a conclusion rather than specific reasons for such discharge.

In view of the foregoing the motion to reverse is granted.

*Motion to reverse granted.*