DOCTOR GERALD R. GUINE

*v.*

CIVIL SERVICE COMMISSION OF
WEST VIRGINIA, *Et Al., Etc.*

(No. 12398)

Submitted February 3, 1965.        Decided April 13, 1965.

*Bibby & Good, Albert F. Good,* for appellant.

*C. Donald Robertson,* Attorney General, *Leo Catsonis,*
Assistant Attorney General, for appellees.

CAPLAN, JUDGE:

This is an appeal by Gerald R. Guine from an order of
the Civil Service Commission wherein the Commission
affirmed the dismissal of the appellant by N. H. Dyer, State
Director of Health, and the West Virginia Board of Health.

Gerald R. Guine, a duly licensed Doctor of Dentistry,
was employed by the State Department of Health as the
Director of the Division of Dental Health from June 15,
1959 until the date of his discharge on October 16, 1963.
In this capacity he was a member of the state civil service
system. According to the record of proceedings before the
Civil Service Commission, the State Board of Health, on
September 19, 1963, during a regular meeting, directed
Doctor N. H. Dyer, who also serves as secretary of the
board, to obtain the resignation of Doctor Guine or, if he
refused to resign, to discharge him from his position as the

Director of Dental Health. Pursuant to this direction, Doctor Dyer, upon the refusal of Doctor Guine to resign, by letter of October 1, 1963, informed Doctor Guine that his employment with the Department of Health was terminated as of October 16, 1963.

Thereafter, under the provisions of Code, 1931, 29-6-13, as amended, Doctor Guine, sometimes referred to herein as appellant, appealed his dismissal to the Civil Service Commission. After lengthy hearings, at which a voluminous record was compiled, the Commission, in a two to one decision, affirmed the action of the State Board of Health. This appeal was granted upon the petition timely filed by the appellant.

In the letter of October 1, 1963, Doctor Dyer, as grounds for dismissal, alluded to insubordination, negligence and inefficiency on the part of Doctor Guine, although no specific instances thereof were cited. At a pre-hearing conference before the Civil Service Commission on December 4, 1963, the sufficiency of the charges as related in the letter of dismissal was questioned. Counsel for the appellees then agreed to furnish a supplementary letter stating specific charges in support of the dismissal. To this the appellant agreed, but he did not waive any right to object to the sufficiency of the charges or dismissal notice.

Counsel for the appellees, by letter dated December 9, 1963, purported to further inform Doctor Guine of the specific charges against him. Thereafter, a motion was made on behalf of the appellant to dismiss the charges on the ground that they were too vague and indefinite to enable him to prepare a defense. The appellant also moved that the dismissal be set aside and Doctor Guine be reinstated in the position he had held. The Commission overruled these motions, but held that only Item 2 of the December 9, 1963 letter was sufficiently specific to be considered at the hearing. While the Commission refused to definitely rule out consideration of the other items in that letter, it did say that if the appellees, in the presentation of their evidence, went outside of Item 2, the hearing would be

recessed to afford the appellant an opportunity to prepare his defense to such other matters. It developed during the hearing, however, that the employing authority relied entirely upon the allegations contained in Item 2 of the aforesaid letter.

Because of its obvious import to this proceeding, Item 2 of the December 9, 1963 letter is set out in full as follows: "2. You did use State property for the purpose of negotiating and selling privately-owned equipment to a subdivision of the State Department of Health, and without authorization did use a State vehicle to transport said privately-owned property."

The appellant contends that the notice of dismissal, including the above quoted portion of the December 9, 1963 letter, fails to state specific reasons as a basis for dismissal as required by the provisions of Article XI, Section 2, of the Regulations of the Civil Service Commission, and that such dismissal is therefore invalid and void. Although the charges contained in Item 2 fail to state dates and places as to the alleged wrongdoing, it became apparent during the pre-hearing conferences that the appellant was apprised of the incidents referred to in the notice. Furthermore, the appellant proceeded with the hearing and clearly was prepared to defend against the charge. We can not say, therefore, that the charges contained in Item 2 of the letter of December 9, 1963, were not so specifically stated that the appellant was unable to defend against them.

The principal error upon which the appellant relies is that the evidence adduced at the hearing before the Civil Service Commission fails to establish any ground for his dismissal which constitutes "cause" or "good cause" for such dismissal within the requirements of our civil service law. In order to determine the validity of this assignment of error it is necessary to consider the facts which gave rise to this controversy.

On September 6, 1963, Doctor Guine submitted to the Director of the State Health Department a written request for authority to travel, by state vehicle, to Huntington and

Wayne on September 13, 1963. The purpose of the trip was therein stated to be "to acquaint Dr. McCutcheon with the dental programs and to deliver dental supplies". The travel request was returned by the Director on September 9, 1963, with a memorandum asking for more specific information about the proposed trip as to "places of contact and persons to be contacted". On September 10, 1963, Doctor Guine again submitted his request and included an additional explanation concerning the purpose of the trip. Having heard nothing further in relation to his request, Doctor Guine, on September 13, 1963, traveled to Huntington and Wayne in a state owned station wagon. The record reveals that Doctor McCutcheon, a then recently employed dentist in the Division of Dental Health, accompanied him on the trip and that they delivered certain dental supplies to the Wayne County Health Department.

It is the contention of the appellees that since this trip was not specifically approved by the Director, Doctor Guine was guilty of using a state vehicle without authorization. It is undisputed that the travel request was never expressly approved or rejected by Doctor Dyer. This situation gave rise to the introduction of much testimony as to what constitutes authorized travel by employees of the State Health Department, the underlying question being whether Doctor Guine's action in this instance did in fact constitute an unauthorized trip.

Doctor Dyer testified at length as to the procedure prescribed in the rules of the department for obtaining permission to travel. He stated that no travel is authorized unless it is first approved by him, as Director; that the request for approval must be submitted at least three days prior to the proposed trip; that he had handled all travel requests personally; and that he always followed the rules pertaining to such travel requests.

Doctor Guine acknowledged the rule in relation to a request for travel to be as described by Doctor Dyer. However, he testified that it was the practice in the department to submit a travel request at least three days prior to a

trip and, if the request was not rejected, the trip would be taken; that the approval was given after the trip; and that reimbursement of travel expenses was made for such trips. Doctor Guine testified that in the instant case he properly filed a request for travel more than three days prior to his trip, which request was never rejected. He said that he was merely following the widespread and generally accepted practice of the department.

Approximately six other division heads and employees of the State Health Department supported Doctor Guine's testimony in relation to the practice followed. Each of these witnesses testified that it was the customary practice to consider a properly submitted travel request approved unless it was expressly rejected. They further testified that they, in accordance with that practice, had taken trips prior to receiving express approval thereof. Many exhibits were introduced in support of this testimony showing that the requests were approved subsequent to the trips involved. The evidence discloses that this practice has persisted in the Department of Health over a long period of years. Furthermore, there is no showing that the Director had ever reprimanded Doctor Guine or any other employee for following this practice.

In view of this evidence the question is presented as to whether Doctor Guine's actions constituted the taking of an unauthorized trip. Although the travel request was not expressly approved, the undisputed evidence clearly showed the existence of the practice of considering a request approved unless it was actually rejected. Here Doctor Guine made his request in accordance with the rules. It was not rejected and, pursuant to the apparently approved practice in the department, he proceeded with his trip on the day indicated in the request. We believe, in these circumstances, that at least tacit approval was given to Doctor Guine to make the subject trip. Certainly it could not be termed an unauthorized trip.

A further charge in Item 2 of the letter of December 9, 1963, was that the appellant used state property for the

purpose of selling and transporting privately owned equipment to a subdivision of the State Department of Health. In relation to this matter the evidence adduced at the hearing reveals that Doctor Guine, on September 13, 1963, did deliver certain dental supplies to the Wayne County Health Department. Included therein were a dental unit and chair which the local health department desired to purchase for a planned dental clinic.

The dental chair had formerly belonged to Doctor Guine. When he discontinued the private practice of dentistry he gave it to Doctor A. J. Given, in exchange for past and future use of Doctor Given's office on weekends and during some evenings. Thereafter, both the unit and chair were the property of Doctor Given. When the latter renovated his office he had no further use for this equipment and told Doctor Guine that it could be used in the state dental program. It was thereafter stored in a building leased by the State Health Department and was subsequently used on several occasions by the Division of Dental Health.

When the Wayne County Health Department indicated its desire to establish a dental clinic, Doctor Guine informed the health officer, Doctor Larry C. Smith, of the availability for purchase of the subject unit and chair. Doctor Smith testified that he purchased this equipment from Doctor Given in June, 1963, for later delivery. It is asserted by the appellees that this purchase was not consummated until late in September and that it was private property when it was delivered by Doctor Guine. They allege that this was a wrongful act which warranted dismissal.

There appears to be some conflict in the evidence concerning the character of ownership of the dental chair and unit. The appellees charge that such equipment was privately owned. The appellant relies on testimony which reflects that the sale thereof was consummated in June, 1963, and that at the time of delivery that equipment was owned by the Wayne County Health Department. The record is replete with testimony clearly showing the purpose for which the subject unit and the chair were to be

used. It is undisputed that they were to be used in the establishment of a local dental clinic, the promotion of which is a function clearly within the duties of the office held by the appellant. Nothing of any probative value was offered to show that Doctor Guine or anyone else made any personal profit or gain from this transaction.

Doctor Dyer testified that it was standard procedure for the Director of Dental Health to deliver dental supplies to county units. As a part of his duties this is what Doctor Guine did in this instance. In the absence of any showing that these supplies and equipment were delivered for personal gain, and in view of the express and undisputed evidence that the property involved was in the furtherance of his duties and for a purely public purpose, we believe that it is immaterial to determine whether this equipment was public or private property at the time of delivery. The purpose of the trip and the delivery of the subject unit and chair were solely for the benefit of the public. This being so, we are of the opinion that the evidence fails to support the finding of the Civil Service Commission to the effect that it was a violation, warranting dismissal, to transport this equipment in a state owned vehicle.

The basic purpose of the civil service law is to afford to covered employees security of tenure. This protection is offered in our civil service laws and in the regulations adopted, pursuant thereto, by the Civil Service Commission. Employing authorities must comply with such statutes and regulations. Otherwise, the protection intended becomes a nullity and employees supposedly covered are in no better position than those outside of such coverage. They may be required to serve at the whim and will of the employer.

Code, 1931, 29-6-13, as amended, which permits an employee in the classified service to appeal his dismissal to the Civil Service Commission, contains this provision: "If the commission finds that the action complained of was taken by the appointing authority without *good cause,* the employee shall be reinstated to his former position * * *."

(Emphasis supplied). Article XI, Section 2 of the Rules and Regulations of the Civil Service Commission, promulgated under the authority of Code, 1931, 29-6-8, as amended, requires that "specific reasons" for dismissal be given in writing to any employee against whom such action is taken.

Clearly, under the law, good cause must exist for the dismissal of an employee in the classified service. Not only shall good cause be alleged in the dismissal of such employee but it must be proved in the event of an appeal from the dismissal. We believe that the evidence in this case falls short of supporting the finding by the Commission that good cause, sufficient to warrant dismissal, existed. The Commission found that Doctor Guine took this trip without authorization. In view of the undisputed custom and practice, described above, relative to approval of travel requests, we hold that such finding was not supported by the evidence. Likewise, we hold that the delivery of the dental unit and chair, having been for a purely public purpose and not for private gain, could not under the law constitute good cause for dismissal.

In order to support a dismissal of a covered employee the evidence must show good cause therefor. Such cause must be substantial. "The cause must be one which specifically relates to and affects the administration of the office, and must be restricted to something of a substantial nature directly affecting the rights and interests of the public. An officer should not be removed from office on trivial or inconsequential matters, or for mere technical violations of statute or official duty without wrongful intention." 67 C.J.S., Officers, Section 60b.

We adhere to the principles related in the above quoted language. In the instant case there was no evidence which showed that the actions of Doctor Guine adversely affected the administration of the office in which he was employed; neither were the rights and interests of the public in any way harmed. If any violations were reflected by the evidence, they were mere technicalities which, under the authorities, do not warrant dismissal.

It has been urged by the appellees that the findings of the Civil Service Commission, when supported by the evidence, are conclusive upon a reviewing court and should not be disturbed. While this may be an accepted principle of law, we do not agree that such findings are supported by the evidence. The principle is well established by the decisions of this Court that an order of an administrative body based upon a finding of facts which is contrary to the evidence, or is not supported by the evidence, or is based upon a mistake of law, will be reversed and set aside by this Court upon review. *United Fuel Gas Company* v. *Public Service Commission of West Virginia*, 143 W. Va. 33, 99 S. E. 2d 1; *Charleston Transit Company* v. *Public Service Commission*, 142 W. Va. 750, 98 S. E. 2d 437; *Walk* v. *State Compensation Commissioner*, 134 W. Va. 223, 58 S. E. 2d 791; *Atlantic Greyhound Corporation* v. *Public Service Commission of West Virginia*, 132 W. Va. 650, 54 S. E. 2d 169.

In view of all the foregoing, we are of the opinion that the findings of the Civil Service Commission are not supported by the evidence and that the charges do not, as a matter of law, reflect good cause for the dismissal of the appellant. The order of the Civil Service Commission is reversed and the appellant is reinstated to his former position.

*Reversed with directions.*