LAWRENCE L. THURMOND

*v.*

RALPH N. STEELE, *Commissioner, Department of Motor Vehicles, State of West Virginia*

(No. 13672)

Decided June 1, 1976.

*Chauncey H. Browning*, Attorney General, *Henry C. Bias, Jr.*, Deputy Attorney General, for appellant.

*John S. Sibray* for appellee.

WILSON, JUSTICE:

The Commissioner of the Department of Motor Vehicles appeals from an order of the Civil Service Commission reinstating appellee Lawrence L. Thurmond to the position of Assistant Director, Driver's License Division, Department of Motor Vehicles, after he had been discharged from such position by the Commissioner of the Department of Motor Vehicles.

The principal question presented is whether a Civil Service protected employee of the State of West Virginia may be discharged for off-duty conduct not on State

property and not involving the use of State equipment or vehicles.

The Civil Service Commission was apparently of the opinion that no such authority exists and that it had no authority to conduct hearings with reference to such matters except in cases of crimes involving moral turpitude.

This case arose out of events which are said to have occurred on May 6, 1975. Appellee Thurmond was driving his personal automobile and was admittedly not on State business. He was accused of driving while intoxicated, failing to obey an officer, driving recklessly and leaving the scene of an accident in which he had been involved.

On July 15, 1975, the Commissioner of Motor Vehicles wrote to Thurmond dismissing him under the provisions of Article XI, Section 2 of the Rules and Regulations of the Civil Service Commission.[1] Thurmond promptly appealed from this dismissal.

On October 14, 1975, the Municipal Court of the City of Charleston dismissed the charges of driving while intoxicated and failing to obey an officer but fined Thurmond $75.00 for reckless driving.

The Civil Service Commission considered this case as one which involved only the formal conviction of the charge of reckless driving. In the belief that reckless driving is not a crime of moral turpitude justifying dis-

---

[1]The text of the letter was as follows:

"Under the provisions of Article XI, Section 2 of the Civil Service Rules and Regulations, you are hereby dismissed effective fifteen (15) days from the date of this letter.

"I feel your alleged offenses of driving while intoxicated, leaving the scene of an accident and failure to obey an officer has rendered you unsatisfactory to perform the duties required as assistant director of the driver's license division. I do not feel the public or this department could have proper confidence in you to hold hearings and make other administrative decisions relative to persons involved with possible suspensions or revocations of their driver's licenses."

missal and in the further belief that it had no jurisdiction to govern the conduct of a State employee during his off-duty hours when he was not on State property nor using State-owned equipment or vehicles, the Civil Service Commission ordered Thurmond reinstated to his former position and directed that he receive all back pay from the date of his dismissal.

The appellant Commissioner of Motor Vehicles maintains that the letter of July 15, 1975, did not involve the dismissal of Thurmond on the grounds of his commission of a crime involving moral turpitude but rather involved alleged misconduct, apart from any allegation of crime, sufficiently related to the duties which Thurmond was required to perform to justify his dismissal from a position which required his participation in hearings and making administrative decisions with reference to the suspension or revocation of drivers' licenses for conduct of others similar to his own conduct on the occasion in question.

Under provisions of Article XI, Section 2 of the Rules and Regulations of the Civil Service Commission, an appointing authority may dismiss an employee who "... is negligent or inefficient in his duties, or unfit to perform his duties, who is found to be guilty of gross misconduct, or who is convicted of any crime involving moral turpitude."

In this case, the employing authority stated in substance that it was prepared to prove not only the wrongful conduct of Thurmond but also the direct relationship between that wrongful conduct and the duties which Thurmond was responsible for discharging in the position which he held.

In view of the fact that the Civil Service Commission refused to receive that evidence, we do not endeavor to evaluate it because the record does not inform us as to what factual defense, if any, may be offered on behalf of the employee.

The precise question which is involved in this case has not previously been presented to this Court. We are now required to determine the purpose and effect of Article XI, Section 2 of the Rules and Regulations of the Civil Service Commission, as required by *W. Va. Code* 29-6-8.

The general purpose of the Civil Service System is "... to attract to the service of this state personnel of the highest ability and integrity ....", *W. Va. Code* 29-6-1, and to give to such personnel security of tenure so that they are not required to serve at the whim and will of the employer. *Guine v. Civil Service Commission,* 149 W. Va. 461, 141 S.E.2d 364 (1965).

It should be apparent that the State and its various agencies have reason to expect employees to observe a standard of conduct which will not reflect discredit upon the State and will not cause the public to lose confidence in either the ability or the integrity of the State's employees or create suspicion with reference to their capacity properly to discharge the duties of their positions.

We have not been cited to any case, and we do not find any, which holds that a State employee may not be disciplined for gross misconduct, not involving a crime of moral turpitude, if such gross misconduct occurs off the job and does not involve State property. Indeed, the cases which we have found from other jurisdictions clearly indicate that if a State employee's activities outside the job reflect upon his ability to perform the job or impair the efficient operation of the employing authority and bear a substantial relationship to the efficient performance of the employee's duties, disciplinary action is justified, and is not conditioned upon or limited by the outcome of any criminal charges which may have been brought against the employee. *See, Foster v. Department of Public Welfare,* 159 So.2d 515 (La. Ct. App. 1963), *cert. denied,* 245 La. 800, 161 So.2d 277 (1964); and *Baron v. Commonwealth, State Civil Service Commission,* 8 Pa. Cmwlth. 6, 301 A.2d 427 (1973).

The appellee here argues that the phrases "unfit to perform his duties" and "gross misconduct" as used in Article XI, Section 2 of the Rules and Regulations of the Civil Service Commission, do not relate to circumstances occurring outside of the employment.

We do not find such narrow interpretations of the language of the Rules and Regulations to be in accord with the general purposes of the Civil Service System.

It is not our intention to establish any general rule which will serve to define what is or is not gross misconduct justifying discipline, suspension or dismissal. Each case must be determined upon the facts and circumstances which are peculiar to that case. We have no desire to establish any rule which would exact from State employees such perfection of conduct as to create an intolerable burden. We would protect the employee against frivolous, trivial and inconsequential charges; or charges based on conduct which has no rational nexus with the duties to be performed or the rights and interests of the public. *See, Guine v. Civil Service Commission, supra;* and *Mindel v. United States Civil Service Commission,* 312 F. Supp. 485 (N.D. Calif. 1970).

If, however, the misconduct is of a substantial nature and can be shown to affect directly the rights and interests of the public by bearing directly in a substantial manner on the duties which the employee is required to discharge, then the employing authority and the Civil Service Commission have the power and the duty, upon such a showing, to enforce such remedial steps, including a dismissal, as may be found proper under all of the circumstances of the case.

In this case, the employing authority brought substantial charges against the employee and was prepared to offer proof of the same. It further asserted and offered to prove that the questioned conduct bore a direct relationship to the duties the employee was required to discharge and to the confidence and respect of the public. The Civil Service Commission should have heard the evidence of both the employing authority and the em-

ployee and should have disposed of the case in such manner as its view of the evidence indicated to it was proper.

Our holding in this respect will necessarily require further and perhaps extensive proceedings before the Civil Service Commission. So that unnecessary delays may be avoided, we are now required to review briefly certain questions regarding: (a) The adequacy of the notice previously given to the employee; and (b) the significance of the rule that the employee is charged with the burden of proof in a hearing before the Civil Service Commission.

The Civil Service Commission previously found that the letter of July 15, 1975, which was sent by the employing authority to the employee, was sufficient notice of the charges. We agree. The charges were well-stated, and gave the employee fair, reasonable and adequate notice. There is no sound basis for any claim of confusion or misunderstanding by him.

The Civil Service Commission indicated that the employee had the burden of proof and that if a hearing were held, it would require the employee to present his evidence first for the purpose of showing that the action of the employing authority was arbitrary or capricious. This Court has previously held in *Childers v. Civil Service Commission*, 155 W. Va. 69, 181 S.E.2d 22 (1971), that a State employee who has acquired permanent Civil Service status bears the burden of proof that his dismissal or other disciplinary action was arbitrary and capricious. *See also, In re Appeal of Prezkop*, 154 W. Va. 759, 179 S.E.2d 331 (1971). A distinction must be made between the "burden of proof" and going forward with the evidence. As applied to hearings before the Civil Service Commission, the employee appealing his termination carries the burden of proof and must in the end establish that his termination was without cause. That burden never shifts. However, it is incumbent upon the employing authority to first present its evidence justify-

ing its action. Any other approach would lead to absurd results and procedural chaos.

In accordance with the views hereinabove expressed, we reverse the ruling of the Civil Service Commission and remand this case to said Commission for further proceedings not inconsistent with this opinion.

*Reversed and remanded.*