CITY OF BECKLEY

*v.*

DAVID PRICE

(No. 14105)

Decided April 4, 1980.

*James M. Brown,* for appellant.

*W. A. Thornhill, III, Thornhill, Kennedy & Vaughan,* for appellee.

PER CURIAM:

In this appeal from a final judgment of the Circuit Court of Raleigh County, the City of Beckley challenges the circuit court's reversal of the Beckley Policemen's Civil Service Commission's order upholding the mayor's discharge of City Patrolman David Price. The City appeals to this Court contending the circuit court should have affirmed the Commission.

In Beckley, West Virginia, on the night of July 31 and the early morning of August 1, 1976, David Price became involved in a series of events which resulted in a police department investigation of his conduct. Based on the results of that investigation, the police chief recommended to the mayor that Price be discharged. On August 18, Price received a letter indicating that he was discharged for his violation of certain rules and regula-

tions of the City of Beckley Police Department. The letter set forth six rules that Price allegedly violated. The following day Price requested a hearing before the Policemen's Civil Service Commission.

After holding a hearing, the Commission upheld the discharge. On January 18, 1977, Price filed a petition with the circuit court asking that the court review the Commission's decision, reverse it, and order his reinstatement. The circuit court considered the matter on the record made before the Commission, and reversed the Commission's decision.

When a circuit court reviews the proceedings of a policemen's civil service commission, the commission's findings of fact are conclusive, and should not be disturbed unless they are not supported by the evidence, contrary to the evidence, or are based on a mistake of law. Syl. pt. 1, *Appeal of Prezkop*, 154 W.Va. 759, 179 S.E.2d 331 (1971).

In reviewing the circuit court's judgment, this Court determines if the circuit court applied the correct standard of law, which in this case was the standard as set forth above from *Prezkop*. Then, by applying that standard to the record before the circuit court we must determine whether the circuit court reached the correct result.

Citing in its opinion, *Appeal of Prezkop, supra*, the circuit court concluded the record contained sufficient evidence to support the Commission's decision that the City had met its burden of showing just cause for the dismissal. Our review of the record indicates this conclusion was correct. The City did meet its burden of showing just cause for appellee's dismissal. The circuit court should have affirmed the Commission's decision; however, the court reversed the decision because it found as fact that the record before the Commission was "... devoid of proof of the adoption of rules and regulations that the respondent is charged with violating ....", and upon that finding concluded the City's case was fatally defective.

Our review of the record indicates that it contains evidence in the form of testimony by the chief of police that the rules in question had been enacted by the Beckley City Council on June 22, 1976, prior to the discharge of appellee. This evidence supports the finding of fact that the rules Price was charged with violating had been adopted and were in effect on July 31, 1976. The circuit court was not free to disregard this evidence and make a contrary finding. *Prezkop, supra.* The circuit court's finding that there was no evidence of the rules' adoption was an incorrect finding which provided no basis for the legal conclusion that the City's case was fatally defective in this regard. Therefore, the trial court's reversal of the Commission's order on this basis was in error.

Appellee contends the chief's testimony was insufficient to prove the rules were adopted and in force on July 31, 1976. He contends this could be proven only by introduction of a certified copy of written evidence of City Council's action in adopting the rules. This argument is based on a rule of evidence not applicable to the proceedings before the Commission. The chief's testimony was sufficient evidence on this point.

The circuit court found the discharge letter was not a part of the record, and appellee contends its absence is a fatal defect. Appellee does not contend he did not receive notice of the charges, in fact it is undisputed that he received the letter in question. It is also clear from the record that the letter was available to the circuit court, and was physically attached to the transcript of the Commission's proceedings. Rather, he contends that under the requirements of *W.Va. Code*, 8-14-20, the letter must be made a part of the record, and its absence is a fatal defect. We do not agree. Under the circumstances of this case where there is no question that Price received adequate notice of the charges the absence of the letter of discharge is not a fatal defect.

We affirm the Circuit Court of Raleigh County's judgment that the City of Beckley sustained its burden of

proving just cause for appellee's dismissal. We reverse the final judgment of the circuit court insofar as it reinstated appellee with back pay and reversed the Commission's upholding of appellee's dismissal. We order that the final judgment of the Beckley Policemen's Civil Service Commission upholding appellee's dismissal be reinstated.

*Affirmed in part;*
*reversed in part.*