297 S.E.2d 206

**Elizabeth C. CRAWFORD**

v.

**Willard H. ERWIN, Jr., Chairman, Reece Browning and Charles J. Kincaid, Commissioners of The West Virginia Civil Service Commission.**

**No. 15557.**

Supreme Court of Appeals of West Virginia.

Oct. 14, 1982.

Robert L. Schumacher, Princeton, for petitioner.

Chauncey H. Browning, Atty. Gen., and Gregory W. Bailey, Deputy Atty. Gen., Charleston, for respondents.

PER CURIAM:

Petitioner, Elizabeth C. Crawford, seeks by her original petition in mandamus to compel the West Virginia Civil Service Commission to proceed with her civil service appeal. The commission held that Crawford's appeal was time barred and dismissed her case. Crawford contends that, because the period for filing her appeal ended on January 1, a legal holiday in West Virginia, *W.Va.Code*, 2-2-2 (1973) provides that a January 2 filing will be timely. We agree with Crawford and grant the writ.

Elizabeth C. Crawford was dismissed from her employment as a correctional officer at the State Prison for Women in Pence Springs, West Virginia. She received a letter notifying her of her dismissal on December 2, 1981. On December 31, 1981, Crawford's attorney deposited her letter appealing her dismissal at the local post office in Princeton, West Virginia. The letter was deposited after 5 P.M. and no mail was postmarked between 5 P.M., December 31, 1981, and January 2, 1982.

**8**

Thus, Crawford's appeal was postmarked January 2, 1982.

The issue in this appeal is whether *W.Va. Code*, 2–2–1 (1980), read *in pari materia* with *W.Va. Code*, 2–2–2, extended Crawford's appeal period to include January 2.

*W.Va. Code*, 29–6–15 (1977) provides: "Any employee in the classified service who is dismissed or demoted after completing his probationary period of service or who is suspended for more than thirty days in any one year, may, within thirty days after such dismissal, demotion or suspension, appeal to the commission for review thereof." We note that the commission is not empowered to restrict the appeal period provided by this statute. *See*, Syllabus point 4, *Callaghan v. W.Va. Civil Service Commission*, 166 W.Va. 117, 273 S.E.2d 72 (1980).

*W.Va. Code*, 2–2–1 (1980) * provides in pertinent part: "The following days shall be regarded, treated and observed as legal holidays, viz: The first day of January, commonly called 'New Year's Day'." *W.Va. Code*, 2–2–2 provides in relevant part:

> "When a proceeding is directed to take place or any act to be done on any particular day of the month or within any period of time prescribed or allowed, ... if that day or the last day falls on a Saturday, Sunday or legal holiday, the next day which is not a Saturday, Sunday or legal holiday shall be deemed to be the one intended."

Read together, it is clear that these statutes contemplate that if the last day of any legally prescribed period falls on January 1, it shall be held to have been intended to fall on January 2. By its terms, *W.Va. Code*, 2–2–2 applies to the time period for appeal set forth in *W.Va. Code*, 29–6–15, and extends any appeal period under *W.Va. Code*, 29–6–15 ending on January 1 to January 2.

Section 14.01(b) of the regulations of the West Virginia Civil Service Commission provides in pertinent part: "(b) *Written Appeal*—Such appeal shall be in writing and must be postmarked no later than thirty (30) calendar days after the effective date of the action." *Rules of the Civil Service Commission*, § 14.01(b). Because Crawford's letter was not postmarked until January 2, the commission held that her appeal was untimely and dismissed it.

█ Any reasonable reading of the commissioner's regulation § 14.01(b) would interpret it in view of the W.Va. Code provisions on legal holidays. *W.Va. Code*, 2–2–2 mandates our holding that Crawford's appeal, postmarked on the first day after the legal holiday on which the appeal period would have ended, was timely. The commission's interpretation of the regulation as outside the purview of *W.Va. Code*, 2–2–1 and *W.Va. Code*, 2–2–2 is not legally sound. As we have noted: "A final order of the Civil Service Commission, based upon findings not supported by the evidence, upon findings contrary to the evidence, or upon a mistake of law, will be reversed and set aside by this Court upon review." Syllabus point 2 *Drennen v. Department of Health*, 163 W.Va. 185, 255 S.E.2d 548 (1979); Syllabus point 3, *Yates v. Civil Service Commission*, 154 W.Va. 696, 178 S.E.2d 798 (1971); Syllabus, *Guine v. Civil Service Commission*, 149 W.Va. 461, 141 S.E.2d 364 (1965). The commission is required to proceed to the merits of Crawford's appeal.

A writ of mandamus shall issue directing the West Virginia Civil Service Commission to proceed in the civil service appeal of Elizabeth C. Crawford, docket number 687, consistent with the views expressed herein.

Writ granted.

---

* The 1980 version of *W.Va. Code*, 2–2–1 is applicable to this appeal. The 1982 amendment added "Martin Luther King's Birthday," the fifteenth day of January, as a legal holiday, but otherwise left the provision unchanged. *W.Va. Code*, 2–2–1 (1982).