310 S.E.2d 472

**Elsie Pauline BLAKE**

v.

**CIVIL SERVICE
COMMISSION, Etc., et al.**

**Elsie Pauline BLAKE and Shirley Wine**

v.

**CIVIL SERVICE
COMMISSION, etc., et al.**

Nos. 15922, 15923.

Supreme Court of Appeals of
West Virginia.

Dec. 14, 1983.

Robert M. Morris, Weston, for appellants.

Silas B. Taylor, Asst. Atty. Gen., Charleston, for appellees.

HARSHBARGER, Justice:

These are consolidated appeals about whether Ms. Wine and Ms. Blake, civil service classified employees working as Psychiatric Aides III at Weston State Hospital, should have been fired, after fifteen years of commendable service, for taking clothing donated for patients.

A church and clothing store regularly donate pants and shirts for use of state hospital patients.* These goods are then distributed by psychiatric aides to patients from time to time. Approximately 100 shirts and 75 pairs of pants were put in a closet on Ward 8 in October, 1982.

A technical assistant testified that most of the clothing was in the closet on Friday, November 12, 1982, but that after the weekend he found only about a third of the clothing.

After an extensive search of the ward, patients and laundry, inquiries of personnel produced admissions by Wine and Blake

---

* The civil service hearing commissioner noted in the record that the shirts were garish and apt to decorate store shelves rather than customers.

that they took shirts. They said that a Ms. Smith came to their ward and told them they should pick the clothing they wanted because the supply was running low; and that they took the shirts to give to patients as Christmas presents. They returned the items.

On November 15 they were verbally suspended for ten days and received letters confirming this action on the 16th. Ultimately, four aides were accused of the thefts and hospital officials decided to dismiss them. Wine received her letter of dismissal on November 30, 1982, and Blake's was dated December 1.

They appealed the administrator's decisions to the West Virginia Civil Service Commission. It was stipulated by the Department of Health that Wine and Blake were long-time employees with superior personnel records. Numerous witnesses testified about their characters and very good employment histories.

Appellants argued that they had not been given procedural due process because their dismissal letters did not give them sufficient time to reply. The Commission disagreed, and also denied their motions for separate hearings. The March 21, 1983 final order upheld the dismissals, finding that good cause had been shown, that procedural due process requirements had been met, and that their dismissals were not duplicative punishments.

█ This Court will not reverse a finding of fact by the civil service commission unless it is clearly wrong. Syllabus Point 2, *Vosberg v. Civil Service Commission*, 166 W.Va. 488, 275 S.E.2d 640 (1981); *City of Beckley v. Price*, 164 W.Va. 423, 264 S.E.2d 468 (1980); *Brown v. Civil Service Commission*, 155 W.Va. 657, 186 S.E.2d 840 (1972); *Billings v. Civil Service Commission*, 154 W.Va. 688, 178 S.E.2d 801 (1971). However, a civil service commission final order will be reversed if its findings are not supported by, or are contrary to the evidence, or if it is based on a mistake of law. *Crawford v. Erwin*, 171 W.Va. 7, 297 S.E.2d 206 (1982); *Vosberg v. Civil Service Commission, supra; Guine v. Civil Service Commission*, 149 W.Va.

461, 141 S.E.2d 364 (1965); *Yates v. Civil Service Commission*, 154 W.Va. 696, 178 S.E.2d 798 (1971).

█ Our civil service law is designed to give covered employees security of tenure. *Vosberg v. Civil Service Commission, supra; Zigmond v. Civil Service Commission*, 155 W.Va. 641, 186 S.E.2d 696 (1972). The function of the civil service commission on appeal by a dismissed, covered employee is to decide whether the employing authority had good cause to dismiss the worker. *Yates v. Civil Service Commission, supra; Guine v. Civil Service Commission, supra*. We stated in Syllabus Point 1 of *Oakes v. West Virginia Department of Finance and Administration*, 164 W.Va. 384, 264 S.E.2d 151 (1981):

W.Va.Code, 29-6-15, requires that the dismissal of a civil service employee be for good cause, which means misconduct of a substantial nature directly affecting the rights and interest of the public, rather than upon trivial or inconsequential matters, or mere technical violations of statute or official duty without wrongful intention.

*See also Serreno v. West Virginia Civil Service Commission*, 169 W.Va. 111, 285 S.E.2d 899 (1982) (wherein we found dismissal too severe a punishment for a relatively minor infraction after twenty-two years of service). In *Oakes*, we found the Capitol Postmaster's failure to timely deliver two pieces of registered mail was not, as a matter of law, good cause for dismissal. In *Guine, supra*, a state dentist's unauthorized use of a state vehicle was not "good cause" for dismissal. *See also Skelly v. State Personnel Board*, 15 Cal.3d 194, 124 Cal.Rptr. 14, 539 P.2d 774, 790–792 (wherein the penalty of dismissal was held to be too severe); *Pendley v. Louisiana Div. of Admin.*, La.App., 303 So.2d 544 (1974) (the commission may determine that dismissal was too severe, considering the gravity of the misdeeds and the employee's record). *See Barnes v. Public Service Commission*, 172 W.Va. 232, 304 S.E.2d 685 (1983).

█ We believe that the petty theft of clothing donated for hospital patients is worthy of discipline, but as a matter of

law, it does not constitute good cause for dismissal of these long-time civil service tenured employees with unblemished work records. "Each case must be determined upon the facts and circumstances which are peculiar to that case." *Thurmond v. Steele*, 159 W.Va. 630, 225 S.E.2d 210, 213 (1976).

We also recognize that there was testimony that ward employees were customarily given the opportunity to make selections from donated goods. The practice of permitting employees to take donated property should cease, and we commend the hospital administration for its efforts to ameliorate the situation. Yet, we believe that the suspensions already imposed are more suitable punishment.

Because we reverse the dismissal, we need not answer the due process or duplicative punishment claims.

Reversed.