384 S.E.2d 855

**Henry A. GOUGE**

v.

**CIVIL SERVICE COMMISSION and Department of Corrections.**

**No. 18902.**

Supreme Court of Appeals of West Virginia.

July 14, 1989.

Michael J. Burkey, Burkey Law Offices, Moundsville, for Gouge.

Jan L. Fox, Asst. Atty. Gen., Charleston, for Civil Service Com'n and Dept. of Corrections.

PER CURIAM:

Henry A. Gouge, a civil service employee, appeals a final order of the West Virginia Civil Service Commission affirming his dismissal as a Counselor I with the West Virginia Penitentiary (WVP). We find that the employee's misconduct did not warrant dismissal, and, accordingly, we reverse.

Mr. Gouge was employed by the Department of Corrections at the WVP from November 7, 1984, until he was suspended without pay on December 14, 1987, for bringing into WVP a video cassette recorder (VCR) and two video cassettes containing allegedly pornographic material. Mr. Gouge had obtained the video cassettes and the VCR from an inmate's girlfriend who left the tapes and the VCR in Mr. Gouge's truck. Mr. Gouge brought the tapes and the VCR into the special programs unit of WVP and entered these items on the unit's pass-down log.

Mr. Gouge testified that he noted in his entry on the log that the two tapes were to be "viewed at the discretion of the security staff" since he did not know the subject matter of the tapes. The tapes were shown to the inmates in the special programs unit shortly after Mr. Gouge went home for the weekend.

Mr. Gouge was suspended from his employment pending an investigation of this matter and, by letter dated January 5, 1988, Jerry C. Hedrick, Warden at WVP, dismissed Mr. Gouge for "gross misconduct." By final order dated August 24, 1988, Mr. Gouge's dismissal was affirmed by the Commission.

On appeal, Mr. Gouge asserts that he did not intend to violate any rules or regulations nor did he intend to bring contraband into WVP. The Department of Corrections contends that Mr. Gouge was dismissed because he knew that obscene material could be on the two tapes he brought into the special programs unit and that he should not have made such material available to the inmates in that unit.

We have consistently recognized that the purpose of the civil service system is to provide civil service employees security of tenure. *Blake v. Civil Serv. Comm'n,* 172 W.Va. 711, 310 S.E.2d 472 (1983); *Vosberg v. Civil Serv. Comm'n,* 166 W.Va. 488, 275 S.E.2d 640 (1981); *Zigmond v. Civil Serv. Comm'n,* 155 W.Va. 641, 186 S.E.2d 696 (1972); *Mackin v. Civil Serv. Comm'n,* 155 W.Va. 139, 181 S.E.2d 684 (1971); *State ex rel. Karnes v. Dadisman,* 153 W.Va. 771, 172 S.E.2d 561 (1970); *Guine v. Civil Serv. Comm'n,* 149 W.Va. 461, 141 S.E.2d 364 (1965). In *Guine,* we found that good cause must exist to dismiss a civil service employee and that such dismissal must be based on misconduct of a substantial nature. 149 W.Va. at 468, 141 S.E.2d at 368.

We further stated in Syllabus Point 1 of *Oakes v. West Virginia Dep't of Fin. & Admin.,* 164 W.Va. 384, 264 S.E.2d 151 (1980):

"W.Va.Code, 29–6–15, requires that the dismissal of a civil service employee be for good cause, which means misconduct of a substantial nature directly affecting the rights and interest of the public, rather than upon trivial or inconsequential matters, or mere technical violations of statute or official duty without wrongful intention."

*See also* Syllabus Point 1, *House v. Civil Serv. Comm'n,* 181 W.Va. 49, 380 S.E.2d 216 (1989); Syllabus Point 1, *Drown v. West Virginia Civil Serv. Comm'n,* 180 W. Va. 143, 375 S.E.2d 775 (1988); Syllabus Point 2, *Buskirk v. Civil Serv. Comm'n,* 175 W. Va. 279, 332 S.E.2d 579 (1985); Syllabus Point 1, *West Virginia Dep't of Corrections v. LeMasters,* 173 W. Va. 159, 313 S.E.2d 436 (1984); Syllabus, *Serreno v. West Virginia Civil Serv. Comm'n,* 169 W. Va. 111, 285 S.E.2d 899 (1982).

We declined in *Thurmond v. Steele,* 159 W.Va. 630, 635, 225 S.E.2d 210, 213 (1976), "to establish any general rule which will serve to define what is or is not gross misconduct justifying discipline, suspension or dismissal." We determined that each case must be considered "upon the facts

and circumstances which are peculiar to that case." 159 W. Va. at 635, 225 S.E.2d at 213.

 A review of Mr. Gouge's educational background and training discloses that he earned a two-year associate of arts degree from Parkersburg Community College and that he also earned a bachelor of arts degree in business management and psychology, with a minor in sociology, through an interdepartmental program at Marietta College. Mr. Gouge was employed by the Department of Corrections for a period of three years prior to his suspension, and the record indicates that he performed his duties as a counselor satisfactorily.

There is no evidence in the record that Mr. Gouge was ever charged prior to this incident with any misconduct or negligence in the performance of his duties. While the conduct of Mr. Gouge cannot be approved, we find that it is not without some significance that the tapes were logged with a warning. Moreover, the other two employees on duty at WVP, who actually showed the films, were given no disciplinary action.

 The evidence in the instant case does not support a finding that Mr. Gouge willfully and intentionally provided X-rated video cassettes to the inmates in the special programs unit. However, his failure to review the contents of the video cassettes prior to bringing them into WVP warrants disciplinary action. Therefore, we find that a two-year suspension without pay from the date of his dismissal by the Department of Corrections is a proper disciplinary penalty for Mr. Gouge's misconduct.

 Although we have determined that Mr. Gouge should be suspended for a period of two years rather than dismissed, we do not find that he is entitled to attorney's fees or other expenses. It is clear under W. Va.Code, 29–6–15, that once it is found that the action "taken by the appointing authority was too severe but was with good cause," attorney's fees are not statutorily mandated. As we explained in *Barnes v. Public Serv. Comm'n*, 172 W.

Va. 232, 304 S.E.2d 685 (1983), in this situation such an award is discretionary.

Accordingly, the order of the Civil Service Commission is reversed and the case is remanded.

Reversed and Remanded.