391 S.E.2d 100

**Susan Louise NOGGY**

v.

**WEST VIRGINIA CIVIL SERVICE COMMISSION and Alcohol Beverage Control Commission.**

No. 19062.

Supreme Court of Appeals of West Virginia.

March 12, 1990.

Dissenting Opinion March 14, 1990.

James T. Kratovil, Kratovil & Kratovil, Weston and Joseph A. Noggy, Hymes and Coonts, Buckhannon, for Susan Louise Noggy.

Jan Fox, Asst. Atty. Gen., Charleston, for Alcohol Beverage Control Com'n.

PER CURIAM:

Susan Louise Noggy, a civil service employee, appeals a final order of the West Virginia Civil Service Commission[1] (Commission) affirming her dismissal as a cashier with the Alcohol Beverage Control Commission (ABCC). We find that the Commission properly affirmed the decision of the ABCC.·

Mrs. Noggy was employed by the ABCC from December 23, 1985, until she was dismissed by letter dated September 8, 1987, for failure to return to work. Mrs. Noggy was on a scheduled vacation from July 16, 1987 until July 18, 1987, when she was informed that her father had terminal cancer. Mrs. Noggy contacted the ABC store where she was employed to advise the manager that she would not be returning to work for an extended period of time due to her father's illness. She was absent from work for the remainder of the month of July and the month of August.

After Mrs. Noggy contacted the store to inform them of her father's illness, she made no further communication with either the store manager or the ABCC. At one point, the store manager contacted Mr. Noggy to inquire when his wife would be returning to work. He was unable to specify a date when Mrs. Noggy would return and indicated that she would eventually contact the ABCC.

The ABCC received a letter from Mrs. Noggy on August 20, 1987, in which she requested an extended leave of absence for an indefinite period of time so that she could care for her father. By letter dated

---

1. Effective July 1, 1989, *W.Va.Code*, 29–6–9 abolishes the civil service commission and imposes all of the commission's duties and responsibilities upon the state personnel board. However, *W.Va.Code*, 29–6–9(f) provides that: "The rules of the civil service commission shall remain in force and effect until promulgation of new or additional rules by the state personnel board."

August 26, 1987, Mrs. Noggy was notified by the personnel officer of the ABCC that her request for an extended leave of absence had been denied and that she was to report to work by September 2, 1987. She was also advised in the letter that her failure to return to work could result in her dismissal.

When Mrs. Noggy did not return to work on September 2, 1987, the store manager again contacted Mr. Noggy but was told that Mrs. Noggy would communicate with her the following week. Mrs. Noggy, however, failed to contact either the store supervisor or the ABCC.

By letter dated September 8, 1987, the Commissioner of the ABCC notified Mrs. Noggy that her absence from work had "left a large volume, double shift store operating with three full time employees," and that her failure to return to work by September 2, 1987, as requested, constituted an unsatisfactory performance of her duties and an abandonment of her position. The ABC Commissioner informed Mrs. Noggy that he was proceeding with her dismissal.

By letter dated October 19, 1987, Mrs. Noggy appealed her dismissal and requested that a hearing be conducted. A hearing was held on December 20, 1988, and by order dated January 12, 1989, the Commission affirmed her dismissal. It is from that decision that Mrs. Noggy appeals.

The principal issue in this appeal is whether Mrs. Noggy was dismissed from her employment for good cause. Mrs. Noggy contends that her absence without leave from work in order to care for her father did not establish good cause to warrant her dismissal.

■ In *Guine v. Civil Service Commission,* 149 W.Va. 461, 468, 141 S.E.2d 364, 368 (1965), this Court found that good cause must exist to dismiss a civil service employee and that such dismissal must be based on misconduct of a substantial na-

ture. We reaffirmed this requirement in syllabus point 1 of *Oakes v. West Virginia Dep't. of Fin. & Admin.,* 164 W.Va. 384, 264 S.E.2d 151 (1980):

> *W.Va.Code,* 29-6-15, requires that the dismissal of a civil service employee be for good cause, which means misconduct of a substantial nature directly affecting the rights and interest of the public, rather than upon trivial or inconsequential matters, or mere technical violations of statute or official duty without wrongful intention.

*See also* syl. pt. 1, *House v. Civil Service Comm'n of W. Va.,* 181 W.Va. 49, 380 S.E.2d 216 (1989); syl. pt. 1, *Drown v. West Virginia Civil Service Comm'n,* 180 W.Va. 143, 375 S.E.2d 775 (1988); syl. pt. 2, *Buskirk v. Civil Service Comm'n,* 175 W.Va. 279, 332 S.E.2d 579 (1985); syl. pt. 1, *West Virginia Dep't. of Corrections v. Lemasters,* 173 W.Va. 159, 313 S.E.2d 436 (1984); syl., *Serreno v. West Virginia Civil Service Comm'n,* 169 W.Va. 111, 285 S.E.2d 899 (1982). Furthermore, we have recognized that each case must be considered upon the facts and circumstances which are peculiar to that case. *Thurmond v. Steele,* 159 W.Va. 630, 635, 225 S.E.2d 210, 213 (1976).

■ Here, it appears that the ABCC gave Mrs. Noggy the benefit of all rights and privileges to which she was entitled as a civil service employee. The store was notified on July 17, 1987, that Mrs. Noggy would not be returning to work following her vacation so that she could care for her father who was terminally ill. Neither the store nor the ABCC had any further communication with Mrs. Noggy until five weeks later when they received her letter on August 20, 1987, requesting a leave of absence for an indeterminate period of time.[2] The ABCC denied her request for personal leave of absence because of the shortage of staff at the store where Mrs. Noggy was employed.[3] The ABCC advised

---

2. Mrs. Noggy testified that, at the time she requested her leave of absence, she realized that the store was understaffed and that this was a problem.

3. Rule 16.08 of the Administrative Rules and Regulations of the West Virginia Civil Service Commission provides, in relevant part:

> Upon application in writing to, and written approval of the appointing authority, a per-

Mrs. Noggy that if she did not return to work by September 2, 1987, she could be dismissed. Mrs. Noggy did not respond to the letter nor did she return to work on September 2, 1987.

Therefore, we conclude that there was sufficient evidence to establish good cause for Mrs. Noggy's dismissal. Accordingly, the decision of the Civil Service Commission is affirmed.

Affirmed.

MILLER, J., dissents and files an opinion joined by McHUGH, J.

MILLER, Justice, dissenting:

I respectfully dissent because I believe the law of *Oakes v. West Virginia Dep't of Fin. & Admin.*, 164 W.Va. 384, 264 S.E.2d 151 (1980), cited by the majority in the Syllabus, was not followed. Mrs. Noggy was not guilty of "misconduct of a substantial nature." Syllabus Point 1, in part, *Oakes v. West Virginia Dep't of Fin. & Admin., supra.* Her only guilt was caring too much for her dying father.

Mrs. Noggy told her supervisor, Margaret Neely, that she was taking leave around the weekend of July 19, 1987, to go to Alabama to see her father, who had been hospitalized with terminal cancer. This leave was approved. Once she was with her father, Mrs. Noggy recognized the need to stay longer and wrote requesting an extended leave of absence without pay, which was refused. She returned on September 9, 1987.

There was no evidence to show that the liquor store where Mrs. Noggy worked in Buckhannon experienced any difficulty in its operations as a result of her absence. Other employees at the store took regular vacations during this period. On September 2, 1987, contact was made with Mr. Noggy, who was still in Buckhannon. He

indicated that his wife would be back the following week. Mrs. Noggy was fired on September 8, 1987, one day before she arrived home.

Mrs. Noggy's unauthorized leave of absence was not proper[1] and would warrant some disciplinary action. Because her superior knew that she was attending to her dying father, I find a dismissal to be improper, especially in view of her otherwise good work record. In other cases involving facts of a comparable nature, we have concluded that a dismissal was too severe a punishment. *House v. Civil Serv. Comm'n*, 181 W.Va. 49, 380 S.E.2d 216 (1989); *Blake v. Civil Serv. Comm'n*, 172 W.Va. 711, 310 S.E.2d 472 (1983).

I am authorized to state that Justice McHUGH joins me in this dissent.

---

manent, probationary, or provisional employee may be granted a leave of absence without pay for a specific period of time which normally should not exceed one (1) year. A leave of absence without pay may exceed the normal one (1) year limitation and *may be granted at the discretion of the appointing authority based on the department's personnel needs.* (emphasis added).

1. The legislature, in its wisdom, provided some relief for those trapped in Mrs. Noggy's position by enacting the Parental Leave Act, W.Va.Code, 21–5D–1, *et seq.* (1989). It is unfortunate that the majority could not have viewed the case more compassionately instead of just giving lip service to Syllabus Point 1 of *Oakes.*