Cleo Childers

*v.*

The Civil Service Commission of West Virginia,
*et al., etc., and* Department of Employment Security
of the State of West Virginia *et al.*

(No. 13059)

Submitted April 27, 1971.        Decided May 18, 1971.

*James B. McIntyre,* for appellant.

*Jack O. Friedman,* General Counsel, West Virginia
Department of Employment Security, *Edward C. Gold-
berg,* for appellees.

Berry, Judge:

This is an appeal from a decision of the Civil Service
Commission of West Virginia by Cleo Childers, an em-
ployee of the Department of Employment Security,
hereinafter referred to as appellant, holding that she had
not proved that the transfer of the appellant by the
Department of Employment Security from the Charles-
ton office to the Huntington office was for non-merit

factors or political reason. The appellant was employed as an Employment Interviewer III in the Charleston office at the time of her transfer. She received a Notice of Personnel Action dated March 30, 1970, that she was being transferred to the Huntington office in the same job classification and pay, effective April 6, 1970, with no reason given for the transfer. Apparently, she engaged the services of an attorney and filed an appeal with the Civil Service Commission on April 6, 1970, but she was advised by her attorney to comply with the transfer notice and consequently went to work in the Huntington office pending the outcome of the appeal. Several continuances were granted by the Commission before the hearing was held. On October 5, 1970, motions were heard by the Commission in connection with the hearing and the Commisioner of the Department of Employment Security, Clement Bassett, moved that the hearing be dismissed because the Commission lacked jurisdiction to hear a matter involving a transfer of an employee of the Department from one office to another as it involved an interdepartmental matter. This motion was overruled, and the case was continued until November 9, 1970, at which time a hearing was held and evidence taken before the Commission. The Commission held in a 2-1 decision on November 19, 1970, that the appellant had not been discriminated against because of the transfer. An appeal was granted by this Court on February 1, 1971, and a motion for leave to move to reverse the decision of the Civil Service Commission was granted on March 1, 1971, and the case was submitted for decision on April 27, 1971, upon the motion of the appellant to reverse, upon the record, upon the briefs and oral arguments of the attorneys for the respective parties.

The appellant had been employed by the same department for about twenty-one years, and had progressed from a clerk through numerous positions up to her present classification as Employment Interviewer III. Her work record was good and her performance record very good. Her transfer to Huntington from Charleston made no

difference in her classification, salary and type of work, which consisted of interviewing applicants for jobs. Although the travel involved from her home in Nitro, West Virginia to Huntington was farther than that from Nitro to Charleston, the travel time was about the same because of Interstate 64 from Nitro to Huntington as she was relieved of the traffic problem involved in going from Nitro to Charleston.

It appears from the records of the Department of Employment Security filed as exhibits at the hearing that the vacancy in the Huntington office was created on January 1, 1970, by the transfer of Mrs. Mary J. Chafin to another position, and was filled April 6, 1970 by the transfer of Mrs. Childers from the Charleston local office; that Mrs. Childers was originally scheduled to replace Mrs. Beatrice Ogden on March 20, 1970, at which time Mrs. Ogden retired, but by virtue of Mrs. Childers' experience in the clerical and technical field she was qualified to fill the vacancy in the Huntington office.

After Mrs. Childers received the notice of transfer she inquired of the local office manager, Virginia Flanagan, as to the reason for the transfer and was told by Mrs. Flanagan that she did not know. She then inquired of the Area Manpower Coordinator, George V. O'Malley, as to why she was being transferred and he said, according to her, he did not know, but that it came from the "big house across the street", which statement he denied at the hearing. She then consulted the head of the Department, Clement Bassett, and asked him the reason for her transfer and Mr. Bassett told her it had been made for the good of the department. A few days before the appeal was scheduled, Mr. Bassett called her into his office and there asked her to withdraw the appeal because it was causing embarrassment to the department. According to Mrs. Childers this was done in the absence of her attorney and no notice was given to him of this meeting.

At the time the appellant filed her appeal with the Commission she had no proof or evidence to support the

appeal. However, about two months after it had been
filed, an incident occurred which caused Mrs. Childers to
believe was the reason for the transfer. Mr. Pete Thaw
who is Deputy Secretary of State under John D. Rocke-
feller IV called and gave her some information purporting
to indicate the reason for her transfer. This same infor-
mation later appeared in a newspaper article according to
Mr. Thaw after he told a newspaper reporter about the
incident. Mr. Thaw testified that due to the prominence
of Mr. Rockefeller, every time he was given any publicity
in the newspapers people would appear either at his pri-
vate office, or the office of the Secretary of State, and seek
employment or financial help, and in order to take care of
the situation he was referred to Mrs. Childers by a mutual
friend and he called her personally at the Employment
Security Office requesting that she obtain jobs for these
individuals. He testified that about twenty jobs had been
obtained in this manner until she was transferred to
Huntington. On many occasions he followed the matter up
to determine if they had obtained employment. The inci-
dent referred to by Mr. Thaw was that about six weeks
after Mrs. Childers' transfer he saw Mr. William Loy,
Assistant to the Governor, in the Governor's office when he
was present on some business in connection with the State
Building Commission, and that Mr. Loy asked him why
he had not said anything about the Cleo Childers matter
and that he answered he did not know what Loy was
talking about. Loy said, "How long did you think you
could get away with this? * * * Getting these jobs. How
many did you get?" Thaw said that he then told Loy
"* * * about twenty or so."

Mrs. Childers admitted Thaw had called her on occa-
sions, but stated that she had handled those cases in the
same manner as those referred to her by other people. She
denied there had been any preferential treatment given
to the people referred to her by Mr. Rockefeller's office.
Mr. Thaw indicated that he had information that the
people he sent would tell the Employment Security Office
that Mr. Rockefeller had sent them, and he admitted he

had received a complaint from the Department of Employment Security with regard to this matter.

The majority opinion of the Commission held that the evidence failed to disclose any discrimination by the appointing authority against the appellant for non-merit factors, and that the testimony of Mr. Pete Thaw with regard to his conversation with Mr. Loy was not sufficient proof of discrimination by the appointing authority against the appellant; that there was no evidence of any connection between the appointing authority and Mr. Loy concerning the transfer and that the action taken with regard to the transfer was proper. The minority opinion stated that the appellant was not given specific reason for the transfer after twenty-one years of good service record and that such action was arbitrarily and capriciously done and information reflecting political interference was not refuted.

The only statutory provision for an appeal to the Civil Service Commission is contained in Code, 29-6-13, as amended. It provides as follows: "Any employee in the classified service who is *dismissed or demoted* after completing his probationary period of service or who is suspended for more than thirty days in any one year, may, within thirty days after such dismissal, demotion or suspension, appeal to the commission for review thereof. * * * At the hearing of such appeals, technical rules of evidence shall not apply. *If the commission finds that the action complained of was taken by the appointing authority without good cause, the employee shall be reinstated to his former position or a position of like status and pay,* without loss of pay for the period of his suspension." [Emphasis supplied.]

There is no provision in the statute with regard to an appeal in connection with a transfer. However, if an employee is *dismissed, demoted or suspended* and appeals to the Commission, and the Commission finds that the action complained of was taken by the appointing authority without good cause, the employee in such event can

be reinstated to a position of like status and pay, which is the status of the appellant by virtue of the transfer. [Emphasis supplied.] In fact, she is in a better position because when she last worked in Charleston she was interviewing industrial workers, but at Huntington she was returned to the work of interviewing professional, sales and clerical workers which had been her work in Charleston up until near the first of January, 1970, for several years.

The appellant relied on certain rules and regulations of the Civil Service Commission of West Virginia but no attempt at any time was made to introduce these rules into evidence. The appellant's brief contains language quoted from Article XII, section 4, paragraph 3 and Article XVI, section 1, paragraph 1 of the rules and regulations of the Civil Service Commission which apparently were referred to by the Commission and are not clear, but in any event could not be inconsistent with the provisions of Chapter 29 of the Code. Code, 29-6-8 (12), as amended. As a general rule courts do not take judicial notice of municipal ordinances or regulations of an administrative body. 7 M.J., *Evidence*, § 16; *State* v. *Bunner,* 126 W.Va. 280, 27 S.E.2d 823; *Mustard* v. *City of Bluefield,* 130 W.Va. 763, 45 S.E.2d 326; *Rich* v. *Rosenshine,* 131 W. Va. 30, 45 S.E.2d 499.

The only evidence introduced at the hearing of the Civil Service Commission which would indicate any political interference was the conversation between William Loy and Pete Thaw, accidentally discovered by Mr. Thaw some six weeks or two months after this appeal had been filed. It is purely hearsay evidence as Mr. Loy did not testify at the hearing and would not justify the charge of discrimination and prohibit the transfer of an employee in the regular course of the administration of the personnel of the Department of Employment Security. A state employee who has acquired permanent civil service status bears the burden of proof that his dismissal or other action was arbitrary and capricious. *Johnson* v. *State Department*

*of Institutions,* (La.) 198 So. 2d 159. There is no question but that the Department of Employment Security has the right to transfer its employees geographically where there is a need if they are placed in the same classification and pay and are not demoted or reduced in pay and if the employee refuses to adhere to the transfer without good reason he can be dismissed by the employer for such action. 67 C.J.S., *Officers,* § 54(3); *Kenny* v. *State Civil Service Commission,* (Colorado), 348 P.2d 367; *Johnson* v. *State Department of Institutions, supra; Boren* v. *State Personnel Board,* (California), 234 P.2d 981.

The decision of the Civil Service Commission, based on the evidence taken at the hearing in this case, is clearly right, and in such case the Commission is a fact-finding body and its rulings on questions of fact will not be reversed or set aside on appeal unless such rulings are clearly wrong. *Burr* v. *State Compensation Commissioner,* 148 W.Va. 17, 132 S.E.2d 636; *Ward* v. *State Compensation Commissioner,* 154 W.Va. 454, 176 S.E.2d 592, (decided by this Court September 29, 1970).

For the reasons stated herein, the motion to reverse is denied and the decision of the Civil Service Commission is affirmed.

*Motion to reverse denied; decision affirmed.*