CHARLES P. CALDWELL

*v.*

CIVIL SERVICE COMMISSION, *etc., and*
PUBLIC SERVICE COMMISSION, *etc.*

(No. 13091)

Submitted September 28, 1971. Decided November 16, 1971.

*Morton I. Taber, Leo Catsonis,* for appellant.

*Phillip Duff, John E. Lee, Marian W. Louis,* Attorneys,
Public Service Commission, for appellees.

CARRIGAN, JUDGE:

This is an appeal by Charles P. Caldwell, appellant,
from a final order of the West Virginia Civil Service Com-
mission dated February 10, 1971, affirming his dismissal
from employment by the West Virginia Public Service
Commission. The case is now before the Court on appel-
lant's motion to reverse.

Except for approximately four years, appellant had been
employed in various positions within state government
since 1951. Appellant was employed by the Public Service
Commission as Chief, Rate and Tariff Division, from about
April 5, 1967, to June 5, 1970. On June 5, 1970, appellant
was dismissed on the ground that his position had been
abolished in a reorganization of the Public Service
Commission.

The reorganization was recommended by the Governor's Management Task Force, was requested by the Public Service Commission and was approved by the Civil Service Commission after a study of the work load of this position. All of this was prior to appellant's dismissal. As a part of the reorganization, the positions of Chief, Rate and Tariff Division, Assistant Chief, Rate and Tariff Division, and Secretary to the Rate and Tariff Division were abolished.

Appellant's dismissal was affirmed by the Civil Service Commission on February 10, 1971, after a lengthy hearing, and this Court granted appellant's petition for an appeal on May 24, 1971. On September 28, 1971, the case was submitted for decision on briefs and oral arguments of counsel for both sides.

Appellant assigns as error the Civil Service Commission's conclusion that he had failed to establish his claim that he had been discriminated against; the Commission's upholding the reorganization; the Commission's conclusion that appellant was not entitled to reinstatement; and the Commission's conclusion that appellant had not shown that his dismissal was taken because of non-merit (political) factors.

It appears that the Civil Service Commission advised Mr. Caldwell that since he was appearing as his own counsel they would attempt to answer any questions or clarify any misunderstandings or otherwise be helpful to him in the presentation of his case. A great part of appellant's testimony consisted of reading various sections of the Code dealing with the Public Service Commission and a lengthy questioning of the right of the Chairman of the Public Service Commission to appear for the Public Service Commission, although the record shows that another commissioner was present during almost all of the hearing, having arrived about fifteen minutes after the opening session. Appellant testified that he and the Chairman of the Public Service Commission had had frequent problems and that the Chairman complained about the

tidiness of his office and the fact that the rates and tariffs which were received in appellant's office had not been filed from September 1969 to June 1970, but were simply stacked around the office. On cross-examination, appellant stated that he did not file these tariffs because it was not his job skill, that the secretary in his office had resigned sometime in September 1969 and that no other secretary had been assigned to that position. The evidence shows that appellant was requested to make use of other secretaries in a secretarial pool who were not engaged in their work full time and who were available for use in appellant's office. Appellant testified extensively concerning his various illnesses and stated that because of an allergy to paper dust which caused him great suffering there was only one other position in the Public Service Commission which would be available to him under the privileges of seniority, that position being Secretary to the Commission. Appellant also complained that he had not been paid for sick leave and terminal leave, although he was terminated on June 5, 1970, and was paid his full salary for both June and July 1970. Appellant testified that he had the "distinct feeling" that the abolition of his position was due to the fact that he had been active in party politics and that his wife held a position as a committeewoman. Appellant was his only witness, although there is a letter in the record from his doctor stating that certain physical examinations were made and that appellant was referred for further diagnostic tests, this being done in July 1970.

Two of the Public Service Commissioners testified that it was necessary to reassign and relocate the duties of the employees in that Commission to meet changing circumstances and that the filing of rates and tariffs had recently become merely a clerical matter which could be handled by an employee in the office of the Secretary of the Commission on a part time basis; that the abolition of the division would effect a saving of $24,360.00 annually; and that the abolition of this division had been approved by

the Civil Service Commission after two studies had been made of the duties performed in the division.

Appellant offered no exhibits or evidence to show the "class" or "position" held by him under the civil service law. He did mention at the close of his testimony that he felt that he was entitled to apply for a position in his class but stated that because of his allergy the only position that he would be able to fill would be Secretary of the Commission. The Public Service Commission contended that the position of Secretary to the Public Service Commission required certain qualifications which appellant did not possess.

The order of the Civil Service Commission recites the evidence adduced and proceedings taken at the hearing on February 10, 1971, and found that the reorganization of the Public Service Commission was proper; that the position of Chief, Rate and Tariff Division, which appellant held was properly abolished; and that he was not discriminated against in the abolition of his position for political or non-merit factors.

The present case involves the right of a department or division to request and the right of the Civil Service Commission to approve the abolition of positions covered by civil service if it is shown that such positions are abolished to meet changing needs of the department or division or to eliminate inefficiency. Involved in this question is whether such abolition was done in bad faith or for political or other non-merit factors, or whether such action was taken in good faith and with the laudable purpose of promoting efficiency and economy in government and without political motives.

The cases heretofore decided by this Court relating to the civil service statutes and regulations dealt with situations not involving the abolition of a civil service position and, therefore, have no application to this issue.

Upon a review of the evidence before us, we find that a reorganization of the Public Service Commission was

properly requested and, after due consideration by the Civil Service Commission, was properly approved; that such a reorganization was proper to meet the changing needs in the operation of the Public Service Commission and to eliminate inefficiency in the Commission's operation; and that in any such reorganization it is proper to abolish certain positions covered by civil service when the need for such positions no longer exists. It is not the purpose of civil service to promote inefficiency and certainly not to retain positions which are no longer needed.

The appellant has not shown that the abolition of his position was done in bad faith for the purpose of removing him from his position. Appellant offered no evidence other than his own "distinct feeling" that his separation was due to political or other non-merit factors. Except for appellant's testimony there is no evidence to support his charge of bad faith or that he was removed for non-merit reasons. By his own testimony it is shown that from September 1969 to June 1970 the division which he headed practically ceased to function; that because it was not his "job skill" he did not attempt to handle the rate and tariff schedules received in his division; that he refused to make use of clerical help offered; and that appellant drew a salary of $1,065.00 per month during this period for doing little, if any, work in his division. It further appears that the work formerly assigned to the abolished division is now being performed by an employee in the office of the Secretary of the Commission, in addition to other duties performed by such employee. We find that the Civil Service Commission properly found on the facts presented that this division, including appellant's position, should be abolished. "A final order of the Civil Service Commission based upon a finding of fact will not be reversed by this Court upon appeal unless it is clearly wrong." Syllabus, *Billings* v. *Civil Service Commission,* 154 W.Va. 688, 178 S.E.2d 801 (1971). "The Civil Service Commission is a fact-finding body and its rulings on questions of fact will not be reversed or set aside on appeal unless such rulings are clearly wrong." Syllabus, Point 2,

*Childers* v. *Civil Service Commission,* 155 W.Va. 69, 181 S.E.2d 22 (1971).

Appellant has wholly failed to prove that he was discriminated against or that his position was abolished for political or other non-merit factors. "A state employee who has acquired permanent civil service status bears the burden of proof that her dismissal, or other action, was arbitrary and capricious." Syllabus, Point 1, *Childers* v. *Civil Service Commission,* 155 W.Va. 69, 181 S.E.2d 22 (1971).

For these reasons, appellant's motion to reverse is denied, and the final order of the Civil Service Commission dated February 10, 1971, is affirmed.

*Affirmed.*