275 S.E.2d 640 (1981)
Steven VOSBERG
v.
CIVIL SERVICE COMMISSION OF WEST VIRGINIA; West Virginia Department of Health; Spencer Hospital, Desmond Byrne, Superintendent.
No. 15029.
Supreme Court of Appeals of West Virginia.
March 3, 1981.
Joshua I. Barrett, Charleston, for appellant.
Chauncey H. Browning Jr., Atty. Gen., Curtis G. Power, III, Asst. Atty. Gen., Charleston, for appellees.
McHUGH, Justice:
This action is before this Court upon the petition for review of Steven Vosberg filed in this Court on October 10, 1980, upon all other matters of record, including the transcript of the August 5, 1980, hearing before the West Virginia Civil Service Commission and upon the memoranda of law and argument of counsel.
Specifically, this action is on appeal from the August 12, 1980, memorandum of opinion of the West Virginia Civil Service Commission, which opinion upheld the dismissal *641 of the appellant, Vosberg, a civil service employee, from his employment.
The petition for review alleges that the appellant, Steven Vosberg, was an employee of the West Virginia Department of Health and as such worked at Spencer State Hospital as a psychiatric aide from October 18, 1976, to April 30, 1980, the date of his discharge.
In his petition for review, the appellant asks this Court to reinstate him to his former position, or to a position of like status and pay, with back pay from the time of his discharge, plus reasonable attorney fees. The appellant asserts that the decision of the Civil Service Commission is improper in that (1) the evidence indicates that the hospital violated the State Personnel Grievance Procedure, thus frustrating the appellant's attempts to resolve his employment problems and precluding the appellant's discharge and (2) the evidence indicates that the hospital arbitrarily and capriciously refused to allow the appellant to accommodate the needs of the hospital by its discharge of the appellant while he was attempting to obtain a home telephone.
The appellees contend, on the other hand, that (1) the hospital staff sufficiently followed the grievance procedure through substantial compliance, (2) due process requirements of the grievance procedure are nominal and a violation of such due process requirements does not bar further disciplinary action and (3) the hospital authorities were not arbitrary or capricious in dismissing the appellant.
The appellant lived several miles from his employment and travelled to work upon a dirt road for most of the distance. The appellant, with his wife and child, lived in a home approximately one-half mile from neighbors and had no telephone in the home during the period of time in question. The appellant had frequent trouble with his motor vehicles.
The appellant's discharge was based upon his failure to report or call in to the hospital on those occasions he was unable to come to work. Such notification was required by the hospital by a policy established October 3, 1979.[1] The record indicates that in 1979 and 1980 the appellant failed, or was derelict, on several occasions in notifying the hospital of his absences.
The appellant received verbal reprimands from Paula Moore, his immediate supervisor, for his actions, in July and August, 1979, prior to the October 3, 1979, institution of hospital policy. By letters dated October 1, 1979, December 31, 1979, and February 11, 1980, the appellant was again reprimanded.
The appellant discussed the problem of his failure to notify the hospital of his absences with Ms. Paula Moore. The appellant also discussed his problem with Sharon Carte, the Acting Director of Personnel at the hospital. The appellant's interview with Ms. Carte occurred during the first week of January, 1980.
The appellant discussed with Ms. Moore and Ms. Carte the fact that he did not have a telephone at his home. Ms. Moore contacted the telephone company on behalf of the appellant. The appellant also contacted the telephone company and ultimately sent a letter to Governor John D. Rockefeller, IV in which letter the appellant explained that his employment problems were due to road conditions and a consequent inability to obtain telephone service. The Governor forwarded the appellant's complaint to the Department of Highways and Public Service Commission. The Public Service Commission, in turn, contacted the telephone company.
The appellant was not able to obtain telephone service prior to his discharge from employment.
On March 18, 1980, March 24, 1980 and March 30, 1980, the appellant's pay was docked for failure of the appellant to notify *642 the hospital of his absences. The appellant contested this action, however, by filing grievances dated March 29, 1980, and March 31, 1980.
On or about April 1, 1980, Ms. Moore, the appellant's immediate supervisor responded in writing to the grievances and returned her responses, written upon the grievance form, to the appellant. Ms. Moore did not forward a copy of her responses to her supervisor or to anyone else.
The appellant then submitted another grievance, dated April 9, 1980, to Ms. Carte. This grievance also concerned the issue of docked pay. Ms. Carte refused to respond to this third grievance under the belief that the appellant had not received a prior response from his immediate supervisor, Ms. Moore.
However, by letter dated April 15, 1980, Ms. Carte wrote to the appellant reprimanding him for his abuse of absences and his failure to report his absences to the hospital.
By letter dated April 18, 1980, from Desmond H. Byrne, Institutional Superintendent, the appellant was suspended without pay for failure by the appellant to report an absence on April 15, 1980. This suspension began April 19, 1980, and continued through April 23, 1980.
The appellant filed a fourth grievance dated April 22, 1980, concerning his suspension and docked pay for this April 15, 1980 absence. This grievance contains a response by Ms. Moore dated April 24, 1980.
The record indicates that on April 25, 1980, and April 27, 1980, the appellant again failed to report his absences to the hospital.
By letter dated April 30, 1980, from Desmond H. Byrne, the appellant was dismissed from his employment.
The appellant appealed his dismissal to the West Virginia Civil Service Commission, and a hearing was held on August 5, 1980. The Civil Service Commission upheld the dismissal stating in its written opinion, dated August 12, 1980, that "[b]ecause appellant failed on numerous occasions to properly report off from work, he was negligent in the performance of his duties; Therefore, good cause existed for his discharge."[2]
It is from the August 12, 1980, decision of the West Virginia Civil Service Commission that the appellant, pursuant to West Virginia Code, 29-6-15, appeals to this Court.
The law in this State is clear that civil service laws are designed to afford to covered employees security of tenure and such employees may not be removed from their positions by executive order, or in any manner, unless, upon a requested hearing, good cause for removal be shown to exist. Syl. pt. 2.State ex rel. Karnes v. Dadisman, 153 W. Va. 771, 172 S.E.2d 561 (1970); Guine v. Civil Service Commission, 149 W. Va. 461, 467, 141 S.E.2d 364, 368 (1965). An adjunct to this principle is that an administrative agency must follow its own rules and regulations. Syl. pt. 1. Trimboli v. Board of Education of the County of Wayne, 254 S.E.2d 561 (W.Va.1979); Syl. pt. 1. Powell v. Brown, 238 S.E.2d 220 (W.Va.1977).
Accordingly, the appellant asserts that the failure by the hospital staff to follow the grievance procedure precluded his discharge. The appellant contends that when Ms. Moore, the appellant's supervisor, responded in writing upon the appellant's grievances dated March 29, 1980, and March *643 31, 1980, Ms. Moore violated the grievance procedure by not forwarding a copy of her response to Ms. Carte, the Acting Director of Personnel.[3]
This Court is of the opinion, however, that the failure by Ms. Moore to forward a copy of her response to Ms. Carte, while clearly improper, was not a violation of the grievance procedure sufficient to grant relief to the appellant in this proceeding. Although the grievances in question concerned the issue of docked pay, these grievances raised the issue central to the appellant's employment problems, i. e., his failure to notify the hospital of his absences, such failure being brought about by the appellant's inability to obtain a home telephone. Prior to the filing of these grievances, a continuing dialogue existed concerning this issue between the appellant and the hospital staff. In fact, the appellant had received at least three verbal and three written reprimands regarding this matter.
Where a state employee covered by civil service, W.Va.Code, ch. 29, art. 6, has instituted a grievance pursuant to a state personnel grievance procedure and the employee's supervisor violates the grievance procedure, such violation will not result in the reversal of an order by the West Virginia Civil Service Commission affirming the employee's dismissal from employment where such violation of the grievance procedure is merely technical, following substantial compliance with the procedure, and there has existed between the employee and his supervisors ongoing communications concerning the employee's employment problems. Bone v. West Virginia Department of Corrections, 255 S.E.2d 919 (W.Va. 1979).
It is commendable that the appellant made substantial efforts during the period in question to obtain a home telephone. Furthermore, the appellant was, in general, a good employee.
Nevertheless, the appellant established a consistent pattern in his failure to notify the hospital of his absences. He failed to notify the hospital sixteen times during the period in question.
Moreover, the record is clear that the appellant's failure to notify the hospital of his absences disrupted the hospital staff. A hospital has an interest in promoting efficiency in its personnel administration. Waite v. Civil Service Commission, 241 S.E.2d 164, 169 (W.Va.1977).
A final order of the West Virginia Civil Service Commission based upon a finding of fact will not be reversed by this Court upon appeal unless clearly wrong. Syl. pt. 2. Brown v. Civil Service Commission, 155 W.Va. 657, 186 S.E.2d 840 (1972); Caldwell v. Civil Service Commission, 155 W.Va. 416, 420, 184 S.E.2d 625 (1971); Syl. pt. 2. Childers v. Civil Service Commission, 155 W.Va. 69, 181 S.E.2d 22 (1971); Syl. pt. Billings v. Civil Service Commission, et al., 154 W.Va. 688, 178 S.E.2d 801 (1971). A state employee who has acquired permanent civil service status bears the burden of proof that his dismissal, or other action, was arbitrary and capricious. Syl. pt. 1. Childers v. Civil Service Commission, supra, Caldwell v. Civil Service Commission, supra, at 421, 184 S.E.2d 625. A final order of the West Virginia Civil Service Commission based upon findings not supported by the evidence, upon findings contrary to the evidence, or upon a mistake of law, will be reversed and set aside by this Court upon *644 review. Syl. pt. Guine v. Civil Service Commission, supra.
The Civil Service Commission properly found that Steven Vosberg was negligent in the performance of his duties by failing on numerous occasions to properly report his absences from work.
For the above reasons, therefore, this Court is of the opinion that the August 12, 1980, decision of the West Virginia Civil Service Commission, upholding the appellant's discharge, was supported by the evidence and not clearly wrong. Accordingly, the decision of the Civil Service Commission is affirmed.
Affirmed.
NOTES
[1] The hospital policy, established October 3, 1979, required employees to notify the hospital by telephone of their absence at least 30 minutes prior to their scheduled duty time. Employees without a telephone could notify the hospital of their absence 30 minutes after their scheduled duty time.
[2] The Civil Service Commission stated as follows:

While we have some sympathy with Mr. Vosberg's plight, the burden for his complying with departmental procedures and reporting off work promptly rests with Mr. Vosberg. It seems that the department bent over backwards to accommodate Mr. Vosberg's geographic and financial problems. Testimony was elicited from several witnesses that Mr. Vosberg was a good worker when he did report for work, however, Mr. Vosberg was obligated to report off work in a timely fashion, he failed to do so on numerous occasions, thereby adversely affecting staffing patterns at the hospital. Therefore, appellant was negligent in the performance of his duties and good cause existed for his discharge.
(Civil Service Commission opinion, August 12, 1980 at 3).
[3] The State Personnel Grievance Procedure, adopted pursuant to the Civil Services Rules and Regulations, provides on page 7 as follows:

If a settlement cannot be reached through informal discussion, the aggrieved employee must present to his immediate supervisor his grievance in writing within seven (7) calendar days. The supervisor shall then respond in writing to the grievance. The supervisor shall provide the agency personnel officer or designated representative of the appointing authority, and the employee a written statement of the grievance and his findings within (7) calendar days after receipt of the written grievance. The employee has the right, but shall not be required, to be represented by one individual of his choice during this step of the procedure.