301 S.E.2d 783

**WEST VIRGINIA DEPARTMENT OF HEALTH**

v.

**Ray MATHISON and the Civil Service Commission.**

**No. 15686.**

Supreme Court of Appeals of West Virginia.

March 28, 1983.

---

Charles E. Pettry, Jr., Asst. Atty. Gen., Charleston, for appellee.

Leo Catsonis, Charleston, Thomas L. Linkous, Bluefield, for appellant.

McHUGH, Justice:

This action is before this Court upon the petition of the appellant, Ray Mathison, for an appeal from the final order of the Circuit Court of Kanawha County, West Virginia. Pursuant to that order the circuit court affirmed the ruling of the West Virginia Civil Service Commission that the appellant had properly been separated from his employment as Executive Assistant to the Director of the Department of Mental Health.

By order entered on October 12, 1982, this Court granted the appellant's appeal to this Court. Subsequently, pursuant to *W. Va. Code,* 58–5–25 [1931], we granted the appellant's motion for leave to move to reverse. This Court has before it the petition for appeal, the motion to reverse, all matters of record and the briefs of counsel.

The record indicates that the appellant was initially employed in 1964 or 1965 by the then existing West Virginia Department of Mental Health as an alcoholism program coordinator. By legislation effective on July 1, 1977, the West Virginia Legislature provided for the consolidation and reorganization of certain state agencies relating to public health. A new Department of Health was formed, and Dr. George Pickett became its Director. At that time the appellant was Executive Assistant to the Director of the Department of Mental Health which Department was brought into the new Department of Health. The appellant's position as Executive Assistant was covered by the civil service laws of this State.

By letters dated December 5 and 13, 1977, from Dr. Pickett, the appellant was informed that effective January 16, 1978, the position of the appellant as Executive Assistant would be discontinued. Pursuant to those letters, the appellant was informed that as a result of the legislative reorganization of state health services, the appellant's work was no longer needed.

Various hearings were held before the Civil Service Commission concerning the separation of the appellant from his employment. The Commission ruled that the appellant's employment as Executive As-

sistant had been properly terminated. The circuit court then affirmed the ruling of the Commission.

The circuit court and Civil Service Commission concluded that, as a result of the 1977 legislative reorganization of the Department of Health, the appellant's employment was properly terminated pursuant to a "reduction-in-force" of state health employees. It is from that conclusion that the appellant seeks relief in this Court.

I

There is no dispute in the record that the appellant was covered by the civil service laws of West Virginia during the period in question. In that regard, it should be noted that *W. Va. Code,* 27–2–1 [1977], by which control of the Department of Mental Health was transferred to the new Department of Health, provides in part as follows: "Any person employed by the department of mental health who on the effective date of this article [July 1, 1977] is a classified civil service employee shall ... remain in the civil service system as a covered employee." Supervisory control of the employees of the new Department of Health, including the appellant, was vested in the Director of the Department of Health, "subject to the safeguards of the state civil service system...." *W. Va. Code,* 16–1–10(1) [1977].

Pursuant to *W. Va. Code,* 29–6–10(1) [1977], the West Virginia Civil Service Commission has the authority to promulgate rules with respect to the classification of state civil service employees. Furthermore, *W. Va. Code,* 29–6–10(10) [1977], provides the civil service commission with authority to promulgate rules: "For layoffs by reason of lack of funds or work, or abolition of a position, or material change in duties or organization, and for reemployment of employees so laid off, giving consideration in both layoffs and reemployment to performance record and seniority within the classified service."

The record indicates that pursuant to the predecessor of *W. Va. Code,* 29–6–10(10) [1977], the West Virginia Civil Service

Commission adopted a "reduction-in force formula" which formula, the civil service commission and circuit court concluded, was in effect during the period in question. The civil service commission and the circuit court further concluded that the Department of Health complied with that formula with respect to the separation of the appellant from his employment.[1]

Specifically, by memorandum dated February 15, 1977, the then existing Department of Mental Health provided to the Civil Service Commission a list of "divisions" of the Department of Mental Health. Those divisions were enumerated, as that memorandum indicates, to facilitate the application of a reduction-in-force formula in the event a reduction of Department of Mental Health employees would be required. The record indicates that the appellant was assigned to division no. 8496–07, which division was listed upon that memorandum, and that the appellant was the only Executive Assistant in that division.

After the letters of December 5 and 13, 1977, notifying the appellant of the termination of his employment, Dr. Pickett, Director of the new Department of Health, informed the Civil Service Commission pursuant to a civil service form dated January 13, 1978, that the appellant was to be "laid off." Dr. Pickett stated that as a result of the reorganization of the Department of Health the appellant's work was not needed and was, therefore, being discontinued. A section of that form entitled "for civil service use only" and signed by a civil service officer indicates that on January 13, 1978, the separation of the appellant from his employment was approved.

By letter dated January 19, 1978, Dr. Pickett informed counsel for the appellant that the appellant's employment had been terminated because of a "reduction in force due to curtailment of work." By letter dated January 27, 1978, Dr. Pickett provided the Civil Service Commission with a "layoff formula" which indicated the termination of the appellant's employment as Executive Assistant, division no. 8496–07.

In *Brown v. Civil Service Commission*, 155 W.Va. 657, 186 S.E.2d 840 (1972), an employee of the West Virginia Department of Natural Resources was released from his employment as the result of a reduction of the work load within the Department. The employee asserted that his employment was terminated for political reasons. However, the Civil Service Commission, and subsequently this Court, affirmed the separation of the employee from his employment. In finding that the conclusions of the Commission were not clearly wrong, this Court, in *Brown*, stated as follows:

> This proceeding relates to a layoff and does not deal with a dismissal for cause. For that reason statutory provisions relating to a dismissal for cause are not applicable to this proceeding.
>
> . . . .
>
> The evidence also shows and the Civil Service Commission found that the layoff of the petitioner was made in accordance with the reduction in force formula provided by the Rules and Regulations of the Civil Service System.
>
> . . . .
>
> [T]he evidence fails to show that the layoff of the petitioner was due to or resulted from political influence exerted by any person upon anyone having au-

---

1. The reduction-in-force formula adopted by the Civil Service Commission and effective during the period in question provided, in part, as follows:

> The separation formula shall be applied on a divisional basis for all positions. For the purpose of applying this formula, the divisions of the agency shall be designated by the Appointing Authority subject to the approval of the Director of Civil Service, and a list of such divisions shall be filed by each Appointing Authority for their respective agencies with the Director of Civil Service.
>
> . . . .

> Each agency shall define its units and will furnish the Merit System Supervisor a copy of its definition to become a part of the records of the West Virginia Merit System. It shall be the responsibility of the agency to make its units as broad as possible in order to effect a more uniform administration of the layoff formula.
>
> Each agency shall inform the Merit System Supervisor of any changes in its organizational pattern which would effect, add to, or detract from its units as set up in its original definition to the Merit System Supervisor.

thority to release or lay off the petitioner.

155 W.Va. at 664, 665, 666 and 667; 186 S.E.2d at 845–46.

Similarly, in *Caldwell v. Civil Service Commission*, 155 W.Va. 416, 184 S.E.2d 625 (1971), the appellant's employment with the West Virginia Public Service Commission as "Chief, Rate and Tariff Division" was terminated as a result of a reorganization of the Public Service Commission. The appellant contended, *inter alia*, that his employment was terminated for political reasons. However, the Civil Service Commission, and subsequently this Court, affirmed the separation of the appellant from his employment.

■ The syllabus of this Court in *Caldwell* states as follows: "The abolition of a position, covered by the Civil Service System, pursuant to the reorganization of a unit of state government is proper when it is shown to have been made to meet changing needs or to promote efficiency in government and has been approved by the Civil Service Commission." Although we noted in *Caldwell* that the reorganization in question of the Public Service Commission was approved by the Civil Service Commission prior to the termination of the appellant's employment, important to the decision in *Caldwell* was the fact that the appellant "failed to prove that he was discriminated against or that his position was abolished for political or other non-merit factors." 155 W.Va. at 421; 184 S.E.2d at 628.

With regard to the action before this Court, it should be noted that *W.Va.Code*, 16–1–1 [1977], states that it is the policy of this State to "effect a significant improvement in the delivery of health and mental health services for the benefit of the citizens of this State [and] ... to avoid duplication of services and costs created and fostered by separation of such services...." To implement that policy, the Director of the Department of Health is given certain powers and duties under *W.Va. Code*, 16–1–10 [1977]. *W.Va.Code*, 16–1–10(16) [1977], provides, in part, that the Director has powers and duties:

To reorganize the functions and divisions of the department of health, structuring all functions previously assigned to the board of health, department of health, department of mental health, and otherwise assigned to the department of health by this chapter, to the end of establishing the most efficient and economic delivery of health services in accord with the purposes of this chapter; to achieve such goal the director shall establish such divisions, and delegate and assign such responsibilities and functions as he deems necessary to accomplish such reorganization.

■ Upon a careful examination of the record, we find no impropriety in the manner of the appellant's separation from employment sufficient to justify the granting of relief in this action. We conclude that the letters of December 5 and 13, 1977, fully informed the appellant that his position as Executive Assistant would be discontinued because the work relating to that position would no longer be needed under the new Department of Health. Furthermore, the record indicates that the separation of the appellant from his employment was approved by a civil service officer on January 13, 1978, prior to the effective date of the appellant's separation from employment which was to be January 16, 1978.

Although the reduction-in-force formula with respect to the appellant was not sent by the Department of Health to offices of the Civil Service System until January 27, 1978, we are of the opinion that the formula was consistent with the memorandum of February 15, 1977. That memorandum described the appellant's division in the Department of Mental Health and the formula, relating to the appellant, substantially complied with the reduction-in-force regulations in effect during the period in question of the Civil Service Commission. Consequently, we find no error with respect to the procedures relating to the appellant's separation from employment.

II

■ In addition to the appellant's contention discussed above that the Department of Health failed to follow appropriate civil

service statutes and regulations with respect to the separation of the appellant from his employment, the appellant contends: (1) that his separation from employment was arbitrary and capricious, (2) that subsequent proceedings before the Civil Service Commission were not impartial[2] and (3) that the circuit court in its review of the appellant's separation from employment failed to make findings of fact and conclusions of law.[3] We disagree.

■ "A final order of the Civil Service Commission based upon a finding of fact will not be reversed by this Court upon appeal unless it is clearly wrong." Syllabus point 2, *Vosberg v. Civil Service Commission of West Virginia,* 166 W.Va. 488, 275 S.E.2d 640 (1981); Syllabus point 2, *Brown v. Civil Service Commission, supra; Caldwell v. Civil Service Commission, supra,* 155 W.Va. at 420, 184 S.E.2d at 628; Syllabus, *Billings v. Civil Service Commission,* 154 W.Va. 688, 178 S.E.2d 801 (1971). *See also* Syllabus point 2, *Childers v. Civil Service Commission,* 155 W.Va. 69, 181 S.E.2d 22 (1971). We believe that principle to be applicable to the follow-

2. We are of the opinion that the West Virginia Civil Service Commission had jurisdiction to determine the propriety of the appellant's separation from employment.

In *Baker v. Civil Service Commission,* 161 W.Va. 666, 245 S.E.2d 908 (1978), this Court affirmed a ruling of the Commission that the Commission had no jurisdiction to review an employee's separation from employment, where the West Virginia Legislature removed the employee's position from civil service coverage, and the employee was subsequently informed that his employment would be terminated as the result of a governmental agency reorganization. Specifically, in *Baker,* the governor, near the end of his term of office, ordered that certain positions be placed under civil service coverage. The Legislature, by removing those positions from civil service coverage, in effect, precluded that order. In syllabus points 2, 4 and 5 of that action, this Court held as follows:

The Legislature has the power to make changes in its public employment, including the Civil Service System, which changes result in either abolishing positions or diminishing the economic rights of civil service employees.

There is a distinction between the abolishment of a civil service position and the discharge of an employee from such position. Where a classified position has been abolished, an employee ordinarily is not entitled to a procedural due process hearing.

The Legislative right to abolish public employment positions is not without limitations. Such legislative action cannot (1) be done arbitrarily or in bad faith; (2) create an impermissible classification under the Equal Protection Clause or violate substantive due process principles of the West Virginia and Federal Constitutions; or (3) be directed at removing a public employee merely because of his membership in a political party that is not in control.

In the action before this Court, however, the Legislature, although mandating a reorganization of state health services, did not abolish the position of the appellant. Rather, that position was terminated by the Director of the new Department of Health, and the appellant, *inter alia,* asserts that that termination or separation from employment was arbitrary and capricious. The December 5, 1977, letter from Director Pickett to the appellant stated, in part, as follows: "This letter is to advise you that I plan to discontinue your position of Executive Assistant at the end of the second week of January 1978. The work is not needed, and we are no longer able to maintain your services on the payroll." We are of the opinion, therefore, that the Civil Service Commission had jurisdiction to consider the propriety of the appellant's separation from employment.

3. The appellant's assertion that the circuit court failed to make findings of fact and conclusions of law is based upon certain language found in *Golden v. Board of Education of the County of Harrison,* 169 W.Va. 63, 285 S.E.2d 665 (1981), concerning circuit court review of the decisions of administrative tribunals in general. As stated in the *Golden* opinion:

It should also be noted that the record of this case reached this Court in an incomplete format, a format which makes review very difficult. Rule 52(a) of the West Virginia Rules of Civil Procedure requires that '[i]n all actions tried upon the facts, without a jury ... the court should find the facts especially and state separately its conclusions of law thereon.' The purpose of this rule is to better enable the reviewing court to apply the law to the facts. *Commonwealth Tire Co. v. Tri-State Tire Co.,* 156 W.Va. 351, 193 S.E.2d 544 (1972). This rule is mandatory and, when not complied with a remand to the trial court is required. *Peoples Bank v. Pied Piper Retreat, Inc.,* 158 W.Va. 170, 209 S.E.2d 573 (1974). This Court has not previously placed this requirement on circuit courts when they are reviewing the decisions of county boards of education and other administrative tribunals. We do so now and require that in this case on remand and in future cases the circuit court submit findings of fact and conclusions of law with the orders in these cases.

169 W.Va. at 66–67, 285 S.E.2d at 668.

ing conclusion of the Civil Service Commission which was stated in its letter dated July 6, 1979:

> Accordingly, it is the opinion of this Commission, after conducting the hearing and reviewing the transcript thereof, that the West Virginia Department of Health properly caused Ray Mathison to be separated from his employment with the Department of Health pursuant to a reduction-in-force. Therefore, it is the opinion of the Commission that Ray Mathison's appeal from the decision of the West Virginia Department of Health should be dismissed and the reduction-in-force upheld.

In that regard, it should be noted that review of the proceedings before the Commission by the circuit court concerning the appellant's separation from employment produced further conclusions and findings which are adequate for review by this Court in this appeal.

As reflected in its order entered on October 8, 1980, the circuit court found specifically that the appellant had been properly separated from his employment with the Department of Health. Furthermore, that order made a part of the record its letter memorandum of opinion dated April 1, 1980. That memorandum of opinion described the reasons for the circuit court's ruling against the appellant. That memorandum of opinion indicated, *inter alia*, that: (1) the Director of the Department of Health had a legislative mandate to "avoid duplication of services and costs" within the Department of Health, (2) the appellant received adequate notice of his separation from employment, and (3) it did not appear from the record "that some other employee, subsequent to the termination of the [appellant], was given substantially the same work responsibilities as those held by the [appellant]." [4]

Based upon the evidence in the record, we conclude that the separation of the appellant from his employment was not arbitrary and capricious. No evidence beyond the level of speculation appears in the record indicating discrimination against the appellant. The nature of the health services reorganization and the method of the appellant's separation from employment were fully outlined by certain witnesses who appeared before the Commission. Furthermore, although some confusion existed with respect to the appellant's duties with the Department of Mental Health during the period in question,[5] there is evi-

---

4. As reflected in the memorandum of opinion of the circuit court, the appellant, subsequent to the notices of his separation from employment, met with Director Pickett concerning the appellant's employment in a separate position with the Department of Health, i.e., Director of Health, Education and Training. At that time, however, Director Pickett indicated to the appellant that the appellant was not suitable for that position.

   As Director Pickett testified before the Civil Service Commission:

   > [O]ne, I told him that I did not feel that he would be a suitable appointee for the job in question and I told him why, and told him that there were other things that I thought he could do very well and that I would be happy to try to help him work into. Particularly on the basis of our interview, I was impressed with his capabilities as a health educator at the working level within the community framework, you know, and community organization. I was, uh, . . . really with his skills I thought he had a lot of capacity in the health education community organization. But, in my opinion, as a result of the interview was such that he was or could be more effective at the local level than as an administrator of a

State program which doesn't require those same kinds of skills. I went over that with him.

   Transcript before the Civil Service Commission, June 6, 1979 at 26.

5. The record indicates that during the reorganization of the Department of Health, Dr. Pickett believed that the appellant's employment principally involved the writing of financial grant applications. Dr. Pickett was supported in this belief by Jack H. Hartley, Director of Administrative Services of the Department of Health, who testified before the Civil Service Commission that during the reorganization of the Department of Health he investigated the appellant's employment duties and determined that those duties involved the writing of grant applications.

   The appellant asserts, however, that during the reorganization of the Department of Health and at the time the appellant's employment was terminated, Dr. Pickett and his subordinates failed to ascertain the exact nature of the appellant's employment with the Department of Mental Health. The appellant testified that he was never personally contacted about the nature of

dence in the record to support the conclusion of the circuit court that no other employee, subsequent to the appellant's separation from employment, performed substantially the same duties the appellant had performed.

■ Furthermore, the record in this action is lengthy, and we find no justification in that record for the assertion of the appellant that the presentation of his case before the Civil Service Commission was unduly restricted or that the Commission was not impartial.

Certainly, this Court will not sanction impermissible separations of employment of civil service employees. The loss to an individual of a source of income is a heavy burden. Such separations will be thoroughly reviewed to assure compliance by the appointing authority with legislative enactments and rules and regulations relating to such separations. We agree, however, with the Civil Service Commission and the circuit court that the appellant, under the circumstances of this case, was properly separated from his employment. All other issues raised by the appellant in this appeal are without merit.

Accordingly, the final order of the Circuit Court of Kanawha County is hereby affirmed.

Affirmed.

his employment and that his employment involved health care planning as well as the writing of financial grant applications. The testimony of the appellant concerning the nature of his employment was supported by the testimony of Dr. Mildred Bateman, former Director of the Department of Mental Health, who testified that in 1977 and prior thereto the appellant acted as a coordinator among the various divisions of the Department of Mental Health with respect to health care planning. As a coordinator the appellant worked under the direction of Dr. Bateman and was the only person employed in that capacity.

The appellant was designated Executive Assistant in 1972. Hartley, Director of Administrative Services of the Department of Health, testified that, at some time prior to the reorganization, the appellant was based at the appellant's home in Parkersburg, West Virginia.