313 S.E.2d 430

**Larry SPENCER, Appellee,**

v.

**CIVIL SERVICE COMMISSION, et al., etc., Appellee,**

**W.Va. Dept. of Corrections, Appellant.**

**No. 15994.**

Supreme Court of Appeals of West Virginia.

March 2, 1984.

Marianne K. Hoover, Asst. Atty. Gen., Charleston, for appellant.

O'Brien, Cassidy & Gallagher, Wheeling, for Spencer.

Gregory W. Bailey, Deputy Atty. Gen., Charleston, for Civil Service Com'n.

PER CURIAM:

By letter dated December 15, 1982, Warden Donald Bordenkircher demoted Larry Spencer, an employee at the West Virginia Penitentiary, from a Correctional Officer III to a Correctional Officer I. The demotion was a result of an incident that occurred on December 3, 1982, when an inmate started a fire in his cell and Spencer was on duty as the shift commander at the penitentiary. Spencer appealed his demotion to the Civil Service Commission. In an order dated March 31, 1983, the Commission rescinded Spencer's demotion and awarded him back pay for the period of demotion, suspended him without pay for thirty-one days and awarded him attorney fees. The Department of Corrections appeals from that order.

At a hearing held before the Commission on Larry Spencer's appeal the following evidence was adduced. On December 3, 1982, an inmate in the maximum security unit of the penitentiary started a fire in his cell. When Spencer, who was in charge of the penitentiary that evening, was first notified of the fire he was in the dining hall supervising the feeding of inmates during the dinner hour. Upon learning of the fire, he instructed another correctional officer to accompany the prison nurse to attend to the inmate who had been rendered unconscious from the fire and he told the control officer at the penitentiary to call for an ambulance. Spencer remained in the dining hall with the other inmates until the ambulance was on its way. He then went to the captain's office to fill out the paper-

work necessary for an inmate to legally leave the prison.

In the meantime Acting Warden Manfred Holland had been notified of the fire and had returned to the prison. He encountered Officer Spencer in the captain's office and a conversation took place between the two concerning the events that were transpiring at the prison. Spencer testified to the following:

"Manfred Holland come (sic) into the office and asked me what I was doing and I told him that I was filling out the wheel passes for Gary Sims and he tells me to hurry up and I told Manfred Holland that I can't write any faster. And I did say the comment, 'why should I hurry for him after what he done to my officers and the day shift officers,' I made that comment. And then I'm still writing and then he says, 'well what if that man dies,' and I said 'if he dies, he dies.' What I meant was, I'm no doctor and if he died, he died. I ain't denying that I did say that but I was doing everything I could to get that man out of the institution and I said afterwards after that I said 'I will probably get blame for it if he does.' (sic) Now whether he heard me or not I don't know but I told him, I said, 'well I'll probably get the blame for it if he does.' Whether I said it where he could hear me or not."

Manfred Holland testified that his recollection of the conversation was that Spencer's answer to the question, "what are you going to do if he dies?" was simply "I don't care." Holland further testified that pursuant to department rules he filed a report of the incident in the captain's office with Warden Donald Bordenkircher. On the basis of the report the Warden demoted Larry Spencer to the rank of Correctional Officer I for behavior totally unbecoming an officer of his rank.

On this evidence the Civil Service Commission found that the security of the prison had not been jeopardized by Officer Spencer's conduct or remarks and that he was capable of remaining a shift commander. The Commission was of the view that Spencer's comments to Acting Warden Holland were inexcusable but did not warrant a demotion. The Commission reinstated Spencer to the rank of Correctional Officer III and awarded him back pay for the difference in salary during his period of demotion; suspended him without pay for thirty-one days; and awarded him attorney fees.

On appeal the Department of Corrections asserts that the Commission erred in finding that the security of the prison was not threatened by Larry Spencer's conduct and that he is capable of remaining as a shift commander.

■ We have consistently held that "[a] final order of the Civil Service Commission based upon a finding of fact will not be reversed by this Court upon appeal unless it is clearly wrong." Syllabus Point 2, *Vosberg v. Civil Service Commission*, 166 W.Va. 488, 275 S.E.2d 640 (1981); Syllabus Point 2, *Brown v. Civil Service Commission*, 155 W.Va. 657, 186 S.E.2d 840 (1972); *Caldwell v. Civil Service Commission*, 155 W.Va. 416, 420, 184 S.E.2d 625, 628 (1971).

■ After reviewing the record in this case we find that the Civil Service Commission was correct in holding that the security of the penitentiary was not threatened by Officer Spencer's conduct and that Spencer is capable of remaining as a shift commander. The Commission noted that Spencer handled the incident expeditiously and without incident and that it was only after the situation was remedied that he made the questionable remarks. We cannot say that the Commission's finding was clearly wrong and thus it will not be reversed by this Court.

Although it is not a point of error raised in this appeal, we note that the Civil Service Commission awarded attorneys' fees to Correctional Officer Spencer. *W.Va. Code*, 29–6–15 [1977] provides for "reasonable and necessary attorneys' fees" if the Commission finds that the action complained of was taken by the appointing authority without good cause.

■ In *Orndorff v. West Virginia Department of Health*, 165 W.Va. 1, 267 S.E.2d 430, 433 (1980), we addressed the issue of attorney fees in civil service cases:

"The right to obtain reasonable attorney fees under W.Va.Code, 29–6–15, is not, however, unlimited. It applies only where the civil service employee prevails; that is, where the Commission or the courts find that 'the action complained of was taken ... without good cause.' Consequently, attorney fees are not available where the appointing authority is able to demonstrate good cause."

In the case before us the Civil Service Commission expressly found that the comments made by Larry Spencer to Acting Warden Holland were inexcusable. The Commission did not find that the Department had demoted Spencer without good cause; just that the action taken against him was too severe. Under these circumstances, we conclude that Spencer is not entitled to his attorneys' fees and we reverse the order of the Commission on this point.

Accordingly, the order of the Civil Service Commission dated March 31, 1983, is affirmed in part and reversed in part.

Affirmed in part; reversed in part.