428 S.E.2d 553

**Richard A. CASDORPH,
Petitioner/Appellant
Below, Appellee,**

v.

**WEST VIRGINIA DEPARTMENT OF ENERGY and West Virginia Division of Personnel, Respondents Below, Appellants.**

No. 21419.

Supreme Court of Appeals of
West Virginia.

Submitted Jan. 19, 1993.

Decided March 12, 1993.

Victor A. Barone, Hurt & Barone, Charleston, for appellee.

Michael J. Basile, Sr. Asst. Atty. Gen., Charleston, for appellants.

PER CURIAM:

This is an appeal by the West Virginia Division of Environmental Protection and the West Virginia Division of Personnel from an order entered by the Circuit Court of Kanawha County in an employee grievance proceeding. The circuit court held that Richard A. Casdorph, an employee of the West Virginia Division of Environmental Protection, had been improperly demoted and directed that he be restored to his former position. The court also awarded Mr. Casdorph back pay, court costs, and attorney fees. In the present proceeding, the appellants claim that Mr. Casdorph was properly reclassified pursuant to a meaningful and *bona fide* reorganization and that the circuit court erred in holding that he was improperly demoted. After reviewing the record and the questions presented, this Court agrees with the appellants' assertions. Accordingly, the judgment of the Circuit Court of Kanawha County is reversed.

Richard A. Casdorph, whose grievances are at the heart of the present controversy, was employed by the State of West Virginia in 1965 and has worked for the State since that date. Prior to 1988, he served primarily in civil service positions. In April, 1988, he was promoted to the non-civil service position of Director of the Division of Abandoned Mine Lands and Reclamation. His salary in the new position was in excess of $52,000.00.

During the 1988 general election, the Governor under whom Mr. Casdorph had been promoted was defeated. After the election, the Commissioner of the Division of Energy, who had jurisdiction of the Division of Energy in which Mr. Casdorph

worked, transferred Mr. Casdorph to a protected civil service position as "Energy Administrator IV" in the Division of Abandoned Mine Lands and Reclamation at a salary of over $48,000.00.

In early 1989, the newly elected Governor assumed office, and a newly appointed commissioner conducted an administrative review of the operations of the Division of Energy. After parts of that study had been completed, the new Commissioner of Energy began a reorganization of the Division of Abandoned Mine Lands and Reclamation.

The study of the Division of Abandoned Mine Lands and Reclamation showed that three of its four sections were headed by employees classified as "Energy Administrator II". The study further showed that the fourth section was headed by Mr. Casdorph, who was classified as "Energy Administrator IV". In the view of the new Commissioner of Energy, the study revealed that Mr. Casdorph had been placed in a protected position by the outgoing Governor's Energy Commissioner in the closing days of the administration at an over-classified status, while persons in parallel positions were maintained at a level status. The Commissioner of the Department of Energy reexamined Mr. Casdorph's position and concluded that his job duties resembled those of an "Energy Administrator III" rather than a "Energy Administrator II" or "Energy Administrator IV". As a consequence, Mr. Casdorph was eventually reclassified or, in more common parlance, demoted to a Level III position.

To effectuate the reclassification, the Commissioner of the Division of Energy completed a civil service personnel form WV–11. On the form the Commissioner placed an "X" in the type of change box for demotion and added the abbreviation "DMWP", which stood for "demotion without prejudice". The form was then sent to the Department of Finance and Administration and the Division of Personnel as an official notification of the action. By letter dated June 9, 1989, Mr. Casdorph was notified by letter of his reclassification, but the letter incorrectly stated that the action had been taken with prejudice.

After learning that he had been reclassified to a lower level, Mr. Casdorph instituted action under West Virginia's civil service grievance procedures established by *W. Va. Code*, 29–6A–1, *et seq.* In the first stage of that procedure, the Director of the Division of Abandoned Mine Lands and Reclamation stated that the reduction in classification was "... due to the reorganization, it was necessary to demote you into the appropriate classification ..." The Director also indicated that the action brought Mr. Casdorph into closer alignment with peers who performed comparable duties.

Mr. Casdorph, who was unhappy with the result of the Level I decision, sought a Level II hearing. At the conclusion of that hearing, the Commissioner of the Department of Energy upheld the demotion and stated:

> [I]n comparing the various duties performed by each of the Administrators, including yours, I felt that it was necessary to correct this imbalance. Subsequently, you were demoted and placed into the appropriate classification and salary range.

Mr. Casdorph appealed this decision, again pursuant to the Civil Service procedures, and by letter dated October 25, 1989, the Level III grievance evaluator stated that "the Department of Energy's actions were justifiable and followed proper procedures." The letter also indicated that Mr. Casdorph's duties were comparable to those of others who worked within the Department in charge of specific sections. The letter concluded that Mr. Casdorph's allegations that he had been demoted for prejudicial reasons were unsubstantiated. It also found that Mr. Casdorph's allegation that the actions taken against him were the result of political retaliation were not proved by a preponderance of the evidence.

Mr. Casdorph appealed the Level III decision, and a Level IV hearing was held before the State Employees Grievance Board. The State Employees Grievance

Board, after conducting hearings, referred to the demotion as one with prejudice and found that there was clearly no disciplinary intent on the part of the Division of Energy. Under these circumstances, the grievance examiner found that the demotion was without prejudice but also found that Mr. Casdorph had failed to show by a preponderance of the evidence that the demotion was without cause.

Mr. Casdorph appealed the Level IV decision to the Circuit Court of Kanawha County. No hearings were conducted before the circuit court, but the circuit court reviewed the record previously developed in the case. After reviewing the record, the circuit court found that it did not appear that the Department suffered monetary difficulty which necessitated a reorganization. The circuit court also found that there was no work necessity for the reorganization and that the applicable Civil Service regulations define a demotion "without prejudice" as "a change in classification of an employee to a lower classification or a reduction of pay due to work necessity." The circuit court noted that no one else was demoted during the reorganization and that evidence showed that no one was reassigned or transferred or laid off. The circuit court concluded that:

Although the Department maintained and sought to prove certain reorganizational changes necessitated Appellant's demotion, the record indicates no "meaningful" reorganization actually occurred, especially in light of the fact that no position was materially or adversely affected other than that of Appellant. The testimony of the various department heads was to the effect that they experienced no material changes.

The circuit court further concluded that:

Having failed to demonstrate any "meaningful" reorganization, any demotion of the Appellant would have to have been a demotion "with prejudice", with the burden on the Department to show the demotion was "for cause". The record is devoid of any evidence to support the conclusion that Appellant was demoted "for cause."

Under the circumstances, the court concluded that the appellant was entitled to be restored to the position held by him prior to his demotion, that he was entitled to back pay from the effective date of his demotion to the date of his reinstatement, including all salary increases to which he would have been entitled had he not been demoted, and that he was entitled to court costs and attorney fees.

It is from the circuit court's ruling that the West Virginia Division of Environmental Protection and the West Virginia Division of Personnel now appeal.

On appeal, the appellants argue that the Division of Energy incurred a meaningful and *bona fide* reorganization and that Mr. Casdorph was properly reclassified.

■ This Court has indicated generally that it will not reverse the finding of a civil service commission unless the finding is clearly wrong. The rule specifically, as stated in the syllabus of *Billings v. Civil Service Commission,* 154 W.Va. 688, 178 S.E.2d 801 (1971), indicates that:

A final order of the Civil Service Commission based upon a finding of fact will not be reversed by this Court upon appeal unless it is clearly wrong.

In the case of *West Virginia Department of Health v. West Virginia Civil Service Commission,* 178 W.Va. 237, 358 S.E.2d 798 (1987), this Court, reasoning under this general syllabus point, indicated that when it could not find that a civil service commission's ruling was clearly wrong, a circuit court's decision reversing the civil service commission's ruling would, in turn, be reversed and this Court would affirm the civil service commission's ruling. *See also Randolph County Board of Education v. Scalia,* 182 W.Va. 289, 387 S.E.2d 524 (1989); *West Virginia Department of Health v. Mathison,* 171 W.Va. 693, 301 S.E.2d 783 (1983); and *Vosberg v. Civil Service Commission of West Virginia,* 166 W.Va. 488, 275 S.E.2d 640 (1981).

■ It appears from the record of the present case that Mr. Casdorph, during the administration of Governor Moore, held an appointed political position as Director of

 

Abandoned Lands and Reclamation and that just prior to the change in administrations he was returned to a civil service protected position as an Energy Administrator for a section head within the division which he had formerly headed. At the time of his return to the civil service system, Mr. Casdorph was continued at a salary of $48,000.00 per year, whereas heads of other sections within the Abandoned Mine Lands and Reclamation Division were, according to the record, paid $34,000.00, $36,000.00, and $37,000.00 per year, respectively. Mr. Casdorph, in effect, was earning some $11,000.00 per year more than the next highest paid person in a comparable position.

At the time of Mr. Casdorph's classification, one of the sections of the division was eliminated, and the Emergency Reclamation Program was transferred to the area which Mr. Casdorph headed. Because of the transfer, Mr. Casdorph was reclassified at an Administrator III position, a position higher than that of the three comparable administrators within the division, and Mr. Casdorph's salary was set at $40,000.00 per year, which was considerably higher than the $37,000.00 per year paid to the next highest paid administrator.

It appears to the Court that Mr. Casdorph's reclassification was taken to make his duties coincide with his position, and it appears that the Level IV State Employees Grievance Board decision in essence found that the evidence supported a finding that Mr. Casdorph had failed to show by a preponderance of the evidence that the demotion was without cause.

In this Court's view, the Level IV grievance finding was supported by substantial evidence, that evidence being that in essence Mr. Casdorph was appointed to a position which did not entail substantially more work than positions held by three other individuals within his division. Under the circumstances, the Court believes that a reorganization and an alteration of Mr. Casdorph's classification position was appropriate to bring his salary in line with his position and duties. Consequently, the Court cannot find that the reorganization which resulted in Mr. Casdorph's demotion was not a *bona fide* reorganization or that the Level IV grievance proceeding findings were clearly wrong.

Under these circumstances, in line with the holding of the Court in *West Virginia Department of Health v. West Virginia Civil Service Commission, supra,* and *Billings v. Civil Service Commission, supra,* this Court believes that it should reverse the decision of the Circuit Court of Kanawha County and reinstate the Level IV decision of the State Grievance Board.

For the reasons stated, the decision of the Circuit Court of Kanawha County is reversed and the decision of the State Employees Grievance Board is reinstated.

Reversed and decision of lower tribunal reinstated.