# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**Sergeant Christopher Thompson,**
**Petitioner Below, Petitioner**

**vs.)  No. 21-0723** (Kanawha County No. 21-AA-6)

**Charleston Police Civil Service Commission; and**
**Charleston Police Department,**
**Respondents Below, Respondents**


# MEMORANDUM DECISION


Petitioner Sergeant Christopher Thompson, a former police officer for the City of Charleston ("the City"), appeals the August 12, 2021, order of the Circuit Court of Kanawha County. The order denied his appeal of a final order by Respondent Charleston Police Civil Service Commission ("the Commission") which dismissed his appeal of his termination from employment by the Charleston Police Department ("CPD").[1]

In 2012, petitioner was patrol division supervisor in the CPD. He was suspended pending an internal investigation into allegations of dereliction of his duties. *Thompson v. City of Charleston*, No. 19-0483, 2020 WL 7231110, at *1 (W. Va. Dec. 7, 2020) (memorandum decision). Following a hearing, the CPD terminated petitioner's employment. On March 13, 2014, petitioner appealed his termination to the Commission. *Id.* Throughout the ensuing six years, hearing dates for petitioner's appeal were repeatedly set and cancelled, frequently at petitioner's request or due to his actions or inactions.[2] Petitioner's hearing was eventually scheduled for October 27, 2020. The Commission warned petitioner that if he failed to attend, it would deem that failure as a waiver of his right to a hearing and result in the dismissal of his appeal.

---

[1] Petitioner appears by counsel Mark McMillian; the Commission appears by John R. Teare, Jr.; and the CPD appears by Timothy L. May and Jason A. Proctor.

[2] During this time period, petitioner filed a petition in the circuit court for an order prohibiting the City from taking further action regarding his termination from employment and compelling the City to, among other things, restore him to his former position. The circuit court

denied petitioner's motions. On appeal, we affirmed the circuit court's order. *Thompson v. City of Charleston*, No. 19-0483, 2002 WL 7231110, at *6 (W. Va. Dec. 7, 2020) (memorandum decision).

Petitioner's hearing was finally called by the Commission on the appointed morning. The CPD appeared by its counsel. Petitioner did not attend and appeared only by counsel. When asked if petitioner had made any effort to attend, petitioner's counsel told the Commission that petitioner had been denied boarding at an airport the night before allegedly due to Covid-19 restrictions and his wife's occupation as a "first responder." Petitioner's counsel also said that, although he had subpoenaed a number of witnesses, none were able to attend. However, petitioner's counsel admitted that he did not attempt to enforce the subpoenas or have the witnesses appear virtually. Petitioner's counsel sought a continuance on the ground that petitioner was entitled to be in attendance and that petitioner could not sufficiently assist through a remote connection.

The CPD opposed the continuance arguing that (1) the case had lingered long enough, (2) petitioner could have driven to Charleston from Atlanta (where he now resides) in time to attend the hearing; and (3) the Commission had the technology ready to allow petitioner and/or his witnesses to appear remotely, but petitioner's counsel failed to request remote accommodations for petitioner or his witnesses. Counsel for the CPD, who had witnesses present and ready to proceed, said, "It's his appeal. If he doesn't want to move forward today, that's his fault. I just think that that counts as withdrawal of his appeal if that's how he wants to proceed." The Commission found that there was "no suggestion that any effort was made [by petitioner] to attend[,]" and therefore it denied petitioner's appeal without hearing any evidence. The Commission entered its order dismissing petitioner's appeal on November 24, 2020.

Petitioner appealed to the circuit court which affirmed the Commission's dismissal in an order dated August 12, 2021. Petitioner now appeals to this Court. We have said that "'[a] final order of a police civil service commission based upon a finding of fact will not be reversed . . . upon appeal unless it is clearly wrong or is based upon a mistake of law.' Syl. Pt. 1, *Appeal of Prezkop*, 154 W. Va. 759, 179 S.E.2d 331 (1971)." Syl. Pt. 2, *Jarrell v. City of Nitro*, 244 W. Va. 666, 856 S.E.2d 625 (2021) (citation omitted). "The 'clearly wrong' and the 'arbitrary and capricious' standards of review are deferential ones which presume an agency's actions are valid as long as the decision is supported by substantial evidence or by a rational basis." Syl. Pt. 3, *In re Queen*, 196 W. Va. 442, 473 S.E.2d 483 (1996).

Petitioner makes two arguments on appeal.[3] In his first argument petitioner avers that the Commission's dismissal effectively shifted the burden of proof away from the CPD and onto

---

[3] While petitioner only makes two arguments in his brief to the Court, the brief's opening identifies four assignments of error:

      A. Whether the circuit court properly sustained the Charleston Police Civil Service Commission's dismissal of petitioner's appeal of his termination because petitioner was unable to personally appear.

      B. Whether the circuit court applied the proper legal standard in affirming the Charleston Police Civil Service Commission's decision to dismiss the petitioner's appeal.

      C. Whether the circuit court erred in finding that the petitioner had the burden to appear for his hearing and prosecute his appeal.

      D. Whether the circuit court erred in failing to grant the petitioner relief by reinstating him as a member of the Charleston Police Department.

petitioner. We disagree and see no error in the record. In 2020, the Commission warned petitioner three times that if he failed to appear at his next scheduled hearing, his appeal could be dismissed. At the October 27, 2020, hearing, petitioner's counsel raised two grounds in support of his motion to continue the hearing. First, he argued that his subpoenaed witnesses failed to attend the hearing due to Covid concerns. However, when questioned about this claim, petitioner's counsel admitted that he chose not to enforce the subpoenas served upon the witnesses. Based on this statement, the Commission found that petitioner waived this issue. Further, there is no evidence that petitioner asked any of his witnesses to appear virtually even though equipment to allow a virtual appearance was available in the hearing room. Second, petitioner's claim – that he did not appear at the hearing because he was not allowed to board his plane – is uncompelling. Clearly, petitioner made no other effort to travel to Charleston, nor did he ask to appear virtually. Given the lengthy pendency of petitioner's appeal, the history of numerous cancelled final hearings, and the Commission's three prior warnings that the hearing would not be continued again, the Commission's denial of petitioner's motion to continue was not arbitrary, capricious, or clearly wrong.

In petitioner's second argument, he broadly argues that the circuit court should have required that he be reinstated without an evidentiary hearing. Alternatively, he asserts that the circuit court should have ordered the Commission to conduct a hearing. Regardless, our review of the Commission's decision is "to determine whether the record reveals that a substantial and rational basis exists for its decision." *Jarrell*, 244 W. Va. at 667, 856 S.E.2d at 626, Syl. Pt. 3, in part (quoting *In re Queen*, 196 W. Va. at 444, 473 S.E.2d at 485, Syl. Pt. 1, in part). We find that a rational and substantial basis exists in the record supporting the Commission's decision to dismiss petitioner's appeal and we, therefore, affirm.

Affirmed.

**ISSUED:** October 17, 2022

**CONCURRED IN BY:**

Justice Elizabeth D. Walker
Justice Tim Armstead
Justice C. Haley Bunn

**DISSENTING:**

Chief Justice John A. Hutchison
Justice William R. Wooton

Hutchison, Chief Justice, dissenting:

I dissent to the majority's resolution of this case. I would have set this case for oral argument to thoroughly address the error alleged in this appeal. Having reviewed the parties' briefs and the issues raised therein, I believe a formal opinion of this Court was warranted—not a memorandum decision. Accordingly, I respectfully dissent.

Wooton, Justice, dissenting:

I would have set this case for oral argument on the Rule 19 docket to thoroughly address the alleged error in regard to the circuit court's refusal of petitioner Sgt. Christopher Thompson's appeal of the Charleston Police Civil Service Commission's ("the Commission") dismissal of his public disciplinary hearing for his failure to appear. Having reviewed the parties' briefs and the issues raised therein, I believe a formal opinion of this Court was warranted—not a memorandum decision. Accordingly, I respectfully dissent.

Petitioner was disciplined in 2012 and terminated; he appealed the termination, which entitled him to a public hearing before the Commission, during which the Charleston Police Department ("the Department") carried the burden to justify petitioner's discipline. For the next eight years, petitioner and/or his counsel requested and/or caused repeated continuances of this hearing, which was finally set for October 2020. Prior notices of the hearings warned that if petitioner failed to appear, his appeal may be dismissed.

At the October hearing, petitioner failed to appear, but his counsel was present. His counsel stated that his client, who now resides in Atlanta, Georgia, was denied boarding a plane the evening before the hearing allegedly because his wife was a first responder (a police officer). Also, multiple witnesses were ostensibly unavailable due to Covid-19. Petitioner's counsel requested a continuance; however, rather than simply granting or denying the continuance upon the articulated grounds, the Commission dismissed the appeal outright before evidence was taken for petitioner's failure to appear.

Petitioner argues that because the Department had the burden of proof and his counsel was present, the Commission's dismissal was in error. *See* W. Va. Code § 8-14-20(a) (providing, in pertinent part, that "[i]f the member demands it, the commission shall grant a public hearing, which hearing shall be held within a period of ten days from the filing of the charges in writing or the written answer thereto, whichever shall last occur. At the hearing, *the burden shall be upon the removing, discharging, suspending or reducing officer*, hereinafter in this section referred to as 'removing officer,' to show just cause for his or her action, and in the event the removing officer fails to show just cause for the action before the commission, then the member shall be reinstated with full pay, forthwith[.]") (emphasis added); *see also Thurmond v. Steele*, 159 W.Va. 630, 225 S.E.2d 210 (1976) (providing that the police department must produce evidence justifying its actions). I believe that resolution of whether the Commission could take the step of dispensing with the proceeding altogether simply because petitioner did not appear in person where the Department carried the burden of proof warranted placement of this case on the Rule 19 docket.

For the foregoing reasons, I respectfully dissent.